## M. D. WILSON *vs.* C. H. DUBOIS.

### July 20, 1886.

**Slander of Title of Personal Property.**—False and malicious statements disparaging an article of property, when followed, as a natural, reasonable, and proximate result, by special damage to the owner, are actionable.

**Same—Special Damage—Loss of Sale.**—Special damage is of the gist of the action; and, where the special damage relied on is loss of sale of the thing disparaged, it is indispensable to allege and show loss of sale to some particular person, and, in the absence of such allegation, the complaint is demurrable for failure to state a cause of action.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, sustaining a demurrer to the complaint.

*C. H. Benton,* for appellant.

*Arthur D. Smith,* for respondent.

BERRY, J. The complaint alleges that plaintiff, a horse-dealer, owned, January 30, 1886, and still owns, a race-horse, which then was and still is for sale; that on that day defendant maliciously published in a newspaper, (of large circulation,) of which he was proprietor, a statement that the horse was 21 years old, when he was not more than 12 years old, as defendant well knew, thereby intending to hinder the sale of the horse by plaintiff, to his pecuniary loss and damage; that at said time plaintiff had "a chance to sell, and was negotiating a sale" of, said horse for $1,000, and but for said false publication would have sold him for that sum; and that, solely because of said false publication, "plaintiff lost the chance to sell said horse; the negotiations   *   *   *   were broken off by said parties who contemplated purchasing;" no one will pay for it more than $500; and plaintiff cannot sell his said horse for more than $500;" and that plaintiff has accordingly suffered damages in the sum of $500.

False and malicious statements, disparaging an article of property, when followed, as a natural, reasonable, and proximate result, by special damage to the owner, are actionable. *Paull* v. *Halferty,* 63 Pa. St. 46; *Gott* v. *Pulsifer,* 122 Mass. 235; Starkie, Sland. (Wood's Ed.) § 136; *Manning* v. *Avery,* 3 Keb. 153; Broom, Comm. (6th Ed.) 761, 762; *Swan* v. *Tappan,* 5 Cush. 104; *Western C. M. Co.* v. *Lawes C. M. Co.,* L. R. 9 Exch. 213; Odgers, Lib. and Sland. *145; Townsh. Sland. § 204.

Does the complaint state a case under this rule? That the statement complained of was false and malicious, is distinctly averred. It was also *prima facie* disparaging, for *prima facie,* as a matter of common knowledge, a horse at 21 years of age is less valuable than he is at 12. The complaint also alleges, in effect, that the plaintiff's loss of sale of his horse was the result of the publication; and there is no difficulty in conceiving of a state of facts showing that the intending purchaser was influenced and led to decline or refuse to purchase by the publication complained of, and hence no difficulty in conceiving that the failure to sell to him may have been a natural, reasonable, and proximate consequence of said publication. But the allegation of special damage is insufficient. The action is in the nat-

ure of one for slander of title, (*Western C. M. Co.* v. *Lawes C. M. Co.*, L. R. 9 Exch. 218,) and hence it is not the ordinary action for slander, properly so called, "but an action on the case, for special damages sustained by reason of the speaking" complained of. 1 Wms. Saund. 243e, note *n; Malachy* v. *Soper*, 3 Bing. N. C. 371; *Brook* v. *Rawl*, 4 Exch. 521. Special damages are therefore of the gist of the action. *Wetherell* v. *Clerkson*, 12 Mod. 597. Without them the action cannot be maintained, and therefore a complaint failing to allege them fails to allege a cause of action. Starkie, Sland. 212; *Wetherell* v. *Clerkson, supra; Cook* v. *Cook*, 100 Mass. 194.

Where loss of sale of a thing disparaged is claimed and relied on as special damages occasioned by the disparagement, it is indispensable to allege and show a loss of sale to some particular person, for the loss of a sale to some particular person is the special damage, and of the *gist* and *substance* of the action. 1 Rolle Abr. 58; *Manning* v. *Avery*, 3 Keb. 153; *Tasburgh* v. *Day*, Cro. Jac. 484; *Evans* v. *Harlow*, 5 Q. B. 624; *Tobias* v. *Harland*, 4 Wend. 537; *Kendall* v. *Stone*, 5 N. Y. 14; *Swan* v. *Tappan*, 5 Cush. 104; *Linden* v. *Graham*, 1 Duer, 670; *Hartley* v. *Harring*, 8 Term R. 130; *Hallock* v. *Miller*, 2 Barb. 630; *Malachy* v. *Soper, supra; Ashford* v. *Choate*, 20 U. C. C. P. 471; 3 Suth. Dam. 674; *Stiebeling* v. *Lockhaus*, 21 Hun, 457; *Cramer* v. *Cullinane*, 2 McArthur, 197; *Bergmann* v. *Jones*, 94 N. Y. 51; *Bassell* v. *Elmore*, 48 N. Y. 561; *Cook* v. *Cook*, 100 Mass. 194; *Pollard* v. *Lyon*, 91 U. S. 225; Odgers, Libel and Sland. 313; Starkie, Sland. (Wood's Ed.) § 136; *Wetherell* v. *Clerkson, supra; Swan* v. *Tappan, supra; Paull* v. *Halferty, supra; Gott* v. *Pulsifer, supra;* and see declarations or complaints in many of the foregoing cases, especially the two last cited.

The rule is not technical, but substantial. It imposes no hardship upon the plaintiff. If there is a person to whom a sale could have been made, in the absence of the disparagement, he can be named, so as to inform defendant of the particular charge of damage which he is required to meet. *Wetherell* v. *Clerkson, supra.* If there is no such person, there is no cause of action; and it follows that the failure to name the particular person or persons to whom a sale could have been effected, if it had not been prevented by the disparagement, does

not present a case of mere indefiniteness, but of total absence of an allegation *essential* to the statement of a cause of action,—a lack of substance, not of form, (*Cook* v. *Cook, supra; Pollard* v. *Lyon, supra;*) and therefore a case for a demurrer, rather than for a motion to make more definite and certain. Pom. Rem. § 549.

Order affirmed, and case remanded for further proceedings.