HENRY HENKEL AND JACOB KRAFT v. GEORGE SCHAUB.

*Libel and slander—Words injurious to a person in his business—*
*Pleading—Damages.*

1. Words, spoken or written, injurious to a person in his business, which are false and malicious, are actionable *per se,* and special damages need not be alleged or proved; citing *Manufacturing Co. v. Perkins,* 78 Mich. 1; *Oliver v. Perkins,* 92 Id. 304.

2. Plaintiffs' declaration is held to state a cause of action for slander upon their business of keeping the stallion named therein for breeding purposes, for gain and reward.

Error to Montcalm.   (Smith, J.)   Submitted on briefs January 13, 1893.   Decided February 3, 1893.

Case.   Plaintiffs bring error.   Reversed.   The facts are stated in the opinion.

*Ellsworth v. Rarden,* for appellants.

*Mitchel & Hawley* and *C. W. Perry,* for defendant.

LONG, J.   Plaintiffs filed a declaration in the circuit court for Montcalm county, in an action on the case, for slander, to recover damages against the defendant growing out of his claimed false and malicious statements and representations of and concerning a certain stallion, called " Butor," and of and concerning the said plaintiffs in their business as owners of said horse, and in keeping and using the same as a breeding horse, for public and general use, for hire, gain, and reward.   Defendant pleaded the general issue.

After a jury had been impaneled to try the cause, and counsel for plaintiffs had stated what they expected to prove,—stating the case substantially as set out in the

declaration,—they called a witness to prove and substantiate the claims thus made. This was objected to by defendant's counsel on the ground that the declaration did not state a cause of action, and that no cause of action was stated by plaintiffs' counsel; that there could be no recovery in such an action unless special damages were alleged, or offered to be proved. The trial court thereupon stated to plaintiffs' counsel that, in order to entitle plaintiffs to recover, it was incumbent upon them to allege and prove the persons by whom the mares were owned or controlled, and by whom they would have been employed to permit or allow said horse to serve said mares for fee or reward, had not the defendant published the slanderous words. The court then offered plaintiffs the opportunity to amend their declaration in this respect, which plaintiffs declined to do. The court therefore directed a verdict for defendant. Plaintiffs bring error. The declaration is as follows:

"*In the Circuit Court for the County of Montcalm.*

"STATE OF MICHIGAN, ⎰ ss.
County of Montcalm. ⎱

"Henry Henkel and Jacob Kraft, of said county, plaintiffs herein, by Ellsworth & Rarden, their attorneys, complain of George Schaub, defendant herein, in a plea of trespass on the case:

"*For that, whereas,* the said plaintiffs are now, and have been for more than three years last past, the owners of a certain imported and registered Percheron stallion, called 'Butor,' now about seven years old, and of the value of two thousand dollars, which said horse was imported from France in the year 1887, and in the same year entered for registry, and recorded as number 6,763, in the Percheron Studbook of America, compiled and published by the American Percheron Horse-Breeders' Association, and was and is a full, pure-blooded Percheron stallion, and which said Henkel and Kraft now keep, and for the whole of said time have kept, exclusively for breeding purposes, not only on their own farms, for use upon their own mares,

but also for public use, for hire and gain, in the said county of Montcalm, and in the counties of Kent and Newaygo, in said State; and that, during the time they have so owned said horse, it has begotten many colts from their own mares, and from the mares of many persons in the said counties of Montcalm, Kent, and Newaygo; and that said horse, 'Butor,' is not only an imported, registered Percheron stallion, as above stated, but he is a good colt getter, and a valuable horse for breeding purposes, and is and has been especially valuable to said owners by reason of the moneys realized by them from the public for the services of said horse as a breeding horse; and that the said Henkel and Kraft have, for the whole of said time, advertised and represented to the public said horse to be an imported, registered stallion, as above set forth and described, and that said horse is what they so advertised and represented him to be; and that they have each year, during the whole of said time, realized and received large sums of money for the services of said horse as a breeding horse, by reason of the fact that said horse was and is an imported, registered Percheron stallion, as above set forth and described, as the said Henkel and Kraft have ever represented and held him out to be; and that the said Henkel and Kraft are, and ever have been, honest, upright, and truthful and faithful citizens of this State, and of good repute and standing as business men in the community where they reside.

"That in the month of May, A. D. 1891, one George Schaub, of the township of Pierson, in said county of Montcalm, who was then and there, and for a long time prior thereto had been, the owner of a stallion which he kept for breeding purposes, for hire and gain, well knowing the premises, but greatly envying the good standing and repute of the said Henkel and Kraft, and their possession and ownership of a horse of so much value for breeding purposes as said horse, Butor, and contriving, and wickedly and maliciously intending, to injure the said Henkel and Kraft in their good name, fame, and credit, as honorable business men, and to bring them into disrepute, scandal, and disgrace with and among all their neighbors, and to injure them in their property, by bringing said horse, Butor, into bad repute, and lessening his value as a breeding horse, did designedly, falsely, and maliciously pretend, represent, and state to one John Field, at Pierson, in said county of Montcalm, that said

horse, Butor, so owned by said ' Henkel and Kraft, was nothing but a grade horse (meaning thereby that said horse was not a full, pure-blooded Percheron stallion, and that he was crossed with some other breed of horses), and was therefore worthless as a breeder, and that said horse, Butor, was not an imported horse (meaning thereby that said horse had not been bred in France, and had not been imported from France), and that he was not registered (meaning thereby that said horse was not enrolled or registered in the studbook above mentioned); and that in the same month, and within the said county of Montcalm, the said George Schaub, with like motive, and actuated by the same purpose, as aforesaid, designedly, falsely, and maliciously and wickedly intending to injure said Henkel and Kraft as aforesaid, did represent and state and say, at various times and places, during the said month, to Johnson Reed, Nicholas Ferguson, Fred Fahner, August Beduhn, John Brunner, William Rader, and many others, that said horse was not an imported horse (meaning thereby that said horse was not a full, pure-blooded Percheron stallion of French breeding, and was not imported from France), and that said horse was not a registered horse (meaning thereby that said horse was not entered or registered in said studbook), and that he was only a grade horse (meaning thereby that he was not a full, pure-blooded Percheron stallion), and that he, said horse, was a 'dunghill' (meaning thereby that the pedigree of said horse could not be traced, and that he was a mixture of various breeds of horses, and was not a full, pure-blooded Percheron stallion), and that they ought not to pay so much for the services of such a horse as they would for an imported, registered horse (meaning by the words ' imported, registered horse,' a horse which was a full, pure-blooded Percheron stallion, imported from France, and registered in said studbook).

"That by reason of the premises, and the said false and malicious statements and representations so made as aforesaid by said George Schaub, of and concerning said horse, Butor, so owned by said Henkel and Kraft as aforesaid, the said Henkel and Kraft have been greatly damaged, by the loss of serving fifty mares, and more, by said horse, in the season of 1891, in consequence of such false and malicious statements, to wit, in the sum of six hundred dollars; that said Henkel and Kraft have been greatly

damaged by said false representations and statements so made as aforesaid, in the lessening of the value of said horse, and by reason of the decrease in value of colts begotten by said horse, Butor, and the bad reputation thus given said horse; and that said Henkel and Kraft have also been greatly injured and damaged by reason of such false and malicious representations and statements so made as aforesaid by said Schaub, of and concerning said horse, in their character and standing as honest and upright business men in the community where they reside,—to the plaintiffs' damage, in all, of two thousand dollars.

." ELLSWORTH & RARDEN,

"Attorneys for plaintiffs."

The first question suggested by defendant's counsel is whether the action is for slandering the plaintiffs in their business, occupation, or calling, or for slandering the plaintiffs' horse.   It is admitted that, if it be the former, then the words may be actionable *per se*, and the action might be maintained without alleging or proving special damages.   On the other hand, it is insisted that, if the action is upon the words spoken of and concerning plaintiffs' horse, then the words spoken are not actionable *per se*, and no recovery can be had without alleging and proving special damages.

The claim is made that the occupation or calling of the plaintiffs is not stated in the declaration, and nothing set out therein showing that the defendant said anything of and concerning the plaintiffs in that respect, but that the claim is made for recovery of damages solely upon the ground of the false statements made by defendant of and concerning the said horse, and, as no special damages are alleged, no recovery can be had.[1]

This contention cannot be sustained.   The declaration plainly sets out the business and calling of the plaintiffs.

[1] Counsel cited, in support of this claim: *Wilson v. Dubois*, 35 Minn. 471; *Boynton v. Shaw Stocking Co.*, 146 Mass. 219; *Dooling v. Publishing Co.*, 144 Id. 258; *Tobias v. Harland*, 4 Wend. 537.

As appears by the declaration, they are the owners of this horse, which it is alleged is of the value of $2,000; that he was imported from France, and recorded in the stud-book as a full, pure-blood Percheron stallion, and which they had kept for breeding purposes from the year 1887, for hire and gain, and that he had begotten many colts; that he was a good colt getter, and especially valuable to his owners. It is further alleged that the plaintiffs have represented and held out the horse as such, and that they are upright and truthful citizens, and of good standing in the country; that the defendant is also the owner of a stallion, and, greatly envying the good standing and repute of plaintiffs, and wickedly and maliciously intending to injure them in their good name, fame, and credit, he made the false and malicious statements set out in the declaration, and by means of which they have been greatly damaged, etc., in their character and standing as honest and upright business men, etc. It is apparent from the plain terms of the declaration that the action is based, not only upon the slander of the horse, but also upon the character, fame, and credit of the plaintiffs, who are the owners thereof, and engaged in the business and calling of keeping the horse for hire, gain, and reward. The court was therefore in error in holding that the declaration did not state a cause of action.

The rule is well stated in Newell on Defamation, Slander, and Libel (at page 181), as follows:

"When language is used concerning a person, or his affairs, which, from its nature, necessarily must, or presumably will, as its natural and proximate consequence, occasion him pecuniary loss, its publication *prima facie* constitutes a cause of action, and *prima facie* constitutes a wrong, without any allegation or evidence of damage, other than that which is implied or presumed from the fact of publication; and this is all that is meant by the terms ' actionable *per se*,' etc. Therefore the real, practical

test by which to determine whether special damage must be alleged and proven in order to make out a cause of action for defamation is whether the language is such as necessarily must, or naturally and presumably will, occasion pecuniary damage to the person of whom it is spoken."

The declaration was not demurred to, and the substance of a good declaration is certainly contained in these allegations.

Words, spoken or written, injurious to a person in his business, which are false and malicious, are actionable *per se*, and special damages need not be alleged or proved. *Haney Manfg. Co. v. Perkins*, 78 Mich. 1; *Oliver v. Perkins*, 92 Id. 304.

What proofs the plaintiffs may be permitted to put in, if any, under the claim of slander to the horse, we need not now determine; but the declaration is sufficient to admit proof of the slander upon plaintiffs' business, as it is framed.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.