CUMMER MFG. CO. OF TEXAS v. BUTCHER et al. (No. 1447.)

(Court of Civil Appeals of Texas. Texarkana. April 21, 1915. Rehearing Denied May 6, 1915.)

1. LIBEL AND SLANDER ☞125 — VERDICT — CONSTRUCTION.

In an action for slander against a manufacturing company and its general manager, in which the court charged that if a third person, in conversation with the cashier of plaintiff's bank, stated that plaintiff was a "daylight robber," and if the manager was present and ratified the statement, knowing that plaintiff dealt with such bank, and that such language was intended by the manager to affect plaintiff's credit, plaintiff might recover against the manager, and that, if the manager was then acting within the scope of his authority as the representative of the company, the plaintiff might also recover against the company, a verdict in favor of the manager also exonerated the company.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 374; Dec. Dig. ☞125.]

2. LIBEL AND SLANDER ☞73—PERSONS ENTITLED TO SUE — CORPORATIONS AND OFFICERS.

Plaintiff, the president and majority stockholder of a Michigan company and of a Texas company, on showing that defendant company published in a Michigan newspaper the statement that it had started in the United States court a suit to enjoin plaintiff's companies from making crates infringing defendant's patent, could not maintain an action for damages for a libel upon himself personally, since, if the publication was libelous, the right to sue therefor would be in the corporation and not in plaintiff, as an officer or stockholder.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 174; Dec. Dig. ☞73.]

3. LIBEL AND SLANDER ☞116 — INJURY TO BUSINESS—EVIDENCE.

In such case plaintiff, upon proper proof of loss of sales and damages to his business by reason of the defamatory charges, might have recovered damages for such injury to his business, but damages would not be presumed merely because the plaintiff's companies were charged with selling an article infringing another's patent.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 343, 345, 346, 348, 349; Dec. Dig. ☞116.]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action by John F. Butcher against the Cummer Manufacturing Company of Texas and J. K. Warren. Judgment for defendant Warren and for plaintiff against defendant company, and it appeals. Reversed and remanded for new trial.

Harris & Britton, of Quitman, and A. P. Parks, of Paris, for appellant. Jones & Jones and Tharp & Landers, all of Mineola, for appellees.

HODGES, J. John F. Butcher, the appellee, instituted this suit in the court below against the Cummer Manufacturing Company of Texas and J. K. Warren jointly, to recover damages which he alleges were occasioned by reason of the circulation of certain libels and certain defamatory utterances emanating from Warren while the latter was acting as the agent and representative of the Cummer Manufacturing Company. The appellee alleges that he was president of the Butcher Folding Crate Company of Vassar, Mich., and also president of the Mineola Box Manufacturing Company a corporation with its domicile at Mineola, Wood county, Tex., and that he owns a majority of the stock in both of these corporations. He further alleges that the Cummer Manufacturing Company of Texas is a manufacturing plant engaged in making folding crates similar to those manufactured and sold by the companies of which he was president; that the Cummer Manu-

facturing Company, acting through its general manager, J. K. Warren, and Warren for himself, "did publish and cause to be published, and did circulate and cause to be circulated, certain false, malicious and libelous matter" concerning the appellee. The defamatory publication consisted of the following, taken from the Cadillac Evening News, a newspaper published in the city of Cadillac and state of Michigan:

"Begins Big Suit.

"Cummer Manufacturing Company Starts One in United States Court at Detroit, to Enjoin Folding Crate Company.

"Butcher Co., of Vassar, Mich., and Mineola, Texas, Makes Crates under Cummer Patent.

"The Cummer Manufacturing Company of this city has entered suits in the U.S. courts for the Eastern District of Michigan against the Butcher Folding Crate Michigan-Mineola, Texas, and elsewhere, John F. Butcher, president, to enjoin the further manufacture and sale of collapsible crates and egg carriers which the Cummer Manufacturing Company claim are covered by U. S. letters patent, owned and controlled by them."

It is further alleged that, after the appearance of this article in the above-mentioned paper, the defendants had several thousand copies of it printed, which they caused to be circulated in the state of Texas and among the patrons and customers of the appellee. Other publications are also referred to as a basis for damages, but these need not be noticed, inasmuch as they were not submitted as grounds for recovery. It was also alleged that the appellants were competitors of the appellee in Texas and other portions of the United States, in the sale of collapsible onion crates; that the appellee during the year 1912, for himself and as agent of the Mineola Box Manufacturing Company, was engaged in the sale of such crates; that practically his sole employment was in the management of the Mineola Box Manufacturing Company and the sale of its products on his own account. It is also charged that the appellant, through its superior officers, entered upon and pursued a course of unfair competition and conspired to destroy the business of the appellee by the publication and circulation of the various libels set out and by certain utterances, which will hereafter be referred to, emanating from its superior officers.

As the basis of the action for slander, it was alleged that on or about the 31st day of March, 1912, J. K. Warren, as the general manager and superior officer, of the Cummer Manufacturing Company, and acting in his representative capacity, together with one Agar, who, it is also alleged, was a general agent of the Cummer Manufacturing Company, made certain defamatory and slanderous statements concerning the appellee, which are fully set out in the petition. It is alleged that Agar, in Warren's presence and with his assent, stated to R. J. Gaston, the cashier of the bank with which Butcher transacted business, that Butcher was a day-light robber, and that other statements were made to Gaston and other parties which were calculated and intended to injure the reputation and credit of Butcher.

The Cummer Manufacturing Company filed a general demurrer and special exceptions and pleaded the truth of the article published in the Cadillac Evening News. Both defendants in the court below denied that Agar was the agent of the Cummer Manufacturing Company of Texas, and denied that J. K. Warren ever made any statements derogatory to the appellee, or that he authorized or ratified any such statements made by Agar, and denied that Agar had conspired together with them or with Warren to injure the appellee by making or publishing defamatory statements concerning him.

The case was tried before a jury; and, after the conclusion of the evidence, the court in his charge submitted, as the basis of the claim for damages, only the publication previously quoted and the statements made by Agar to R. J. Gaston, in which it is alleged that Agar charged Butcher with being a daylight robber. The evidence showed that the Cummer Manufacturing Company was a corporation doing business in the state of Michigan, and the Cummer Manufacturing Company of Texas, the appellant in this suit, is a distinct corporation existing under the laws of Texas and doing business at Paris, Lamar county, Tex. The jury returned a verdict in favor of the appellee against the Cummer Manufacturing Company of Texas for $750 actual damages and $500 punitive damages, and also returned a verdict in favor of the defendant J. K. Warren. This appeal is by the Cummer Manufacturing Company of Texas alone.

The first and second assigned errors complain of the action of the court in overruling certain special exceptions of the appellant to the plaintiff's amended original petition. Inasmuch as the questions raised by these assignments will be discussed later on in disposing of other assignments, we pass them for the present.

[1] Upon the issue of slander the court charged the jury that if they should find that Agar, in a conversation with R. J. Gaston, stated that Butcher was a daylight robber, and they should further find that Warren was present and assented to or ratified that statement by words or sign, and that Warren knew at the time that Butcher was president of the Mineola Box Manufacturing Company, and that, as such president, he dealt with and borrowed money for his company from the bank of which Gaston was cashier, and if this language was intended by Warren to affect Butcher's standing, as president of that company, with Gaston, then the jury were authorized to return a verdict for damages against Warren. In addition to this the jury were instructed that if they found that at the time the foregoing

statement was made, if it was assented to or ratified by Warren, and if Warren was at the time acting within the scope of his authority as the agent or representative of the appellant, then they might also return a verdict for damages against the appellant jointly with Warren. The finding of a verdict in favor of Warren can be construed only as an exoneration of both Warren and the appellant from the charge of slander based upon the language attributed to Agar in his conversation with Gaston.

[2] The court gave the following as a part of his main charge:

"If you shall find the plaintiff has shown, by a preponderance of the evidence, that he was engaged in the business of selling crates manufactured by the Mineola Box Manufacturing Company for profit to himself, and that the Cummer Manufacturing Company of Paris, Tex., knew that he was so selling collapsible crates, if he was, and if you further find that the said defendant Cummer Manufacturing Company, acting by and through its superior officers or agents with intent to injure said Butcher in his business of selling crates, if he was, circulated the article introduced in evidence, headed 'Begins Big Suit,' copied from the Cadillac Evening News, then if you further believe that as the direct and proximate result of such circulation, if any, said Butcher suffered financial loss by reason of the curtailment, if any, of sales of his said crates, you will allow him, as against the defendant Cummer Manufacturing Company, such sum of money as you find will fairly and reasonably compensate him for his loss," etc.

Several objections to this charge were presented in the court below, among which are the following: First. That the article referred to is not libelous against the appellee and could not form the basis of an action for libel by him; that it could be considered libelous, if at all, only against the Mineola Box Manufacturing Company, and not as to Butcher. Second. That there was no evidence that Butcher suffered any financial loss by reason of the circulation of the article referred to, or that the sale of crates by him had been curtailed. Third. That there was no basis for the right to recover exemplary damages which the latter portion of the charge, not quoted, permitted.

If this suit is to be treated as one by Butcher to recover damages for a libel of himself, the facts pleaded are insufficient to support a judgment in his favor for any sum, either actual or exemplary. The publication submitted by the court to the jury, and which is the only one relied on in this appeal to establish libel, even if it be untrue, could not, by any reasonable construction, be made to impute any wrongdoing to Butcher personally. It clearly refers to the two private corporations of which he was the president; one of them being situated in Michigan, and the other in Texas. The evidence shows that a suit had been instituted against the Michigan corporation by the Cummer Manufacturing Company of Michigan. The falsity of this publication consisted of the charge or intimation that the Mineola Box Manufacturing Company also had been sued and charged with an infringement of a patent right owned by the Cummer Manufacturing Company of Michigan. If the language of this publication can be considered libelous, it is because it reflected upon the corporation of which Butcher was the president. The right to sue for damages resulting from such libel would be in the party libeled, the corporation, and not in a stockholder or an officer. Butcher, not having been libeled, clearly had no right to bring the suit.

[3] It may be conceded that, under the very comprehensive amended original petition filed in this case, Butcher might have recovered, upon proper proof, damages to his private business by reason of the defamatory charges concerning the manufacture and sale of the particular crates which he handled as the sales agent of the Mineola corporation. In giving the charge objected to, the trial judge probably had in mind the submission of that issue to the jury. But an action for damages upon that state of facts is in no sense a suit for a libel of the person, and the rules which presume injury upon proof of defamation do not apply. It devolved upon Butcher, in order to entitle him to recover damages in a suit of that character, to prove a loss of sales and the extent of the injury he thereby sustained. Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68, 59 Am. Rep. 335; 25 Cyc. 561. In such a suit Butcher would be entitled to compensation, not for an injury to his reputation, but for loss in his business. The law does not presume damage to one's business merely because the party is charged with selling an article which he did not have a right to sell by reason of some other person or corporation owning the patent. If Butcher suffered in this instance, it was because of the loss of sales of the crates he was handling; yet he has not shown that he lost any. Hence there was no basis for the submission of that issue to the jury. We therefore conclude that the court erred in giving the charge objected to. We are further of the opinion that the evidence in this case is wholly insufficient to sustain a judgment for damages for libel, and suggest that if, upon another trial, the appellee does not materially strengthen the evidence to support his claim for damages, the court should instruct a verdict for the defendant.

The judgment against the appellant is therefore reversed, and the cause remanded for another trial. The judgment in favor of Warren, not having been appealed from, will remain undisturbed.