# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3197
_____

East Coast Test Prep LLC, doing business as Achieve Test Prep; Mark Olynyk

*Plaintiffs - Appellants*

v.

Allnurses.com, Inc.; David R. Smits, as Administrator of the Estate of Brian Short;
Lisa Dukes; Jennifer Moeller; Uhura Russ; ABC Companies 1-10; John Does, 1-10

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 17, 2019
Filed: August 19, 2020
_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

East Coast Test Prep LLC (Test Prep), sells test-preparation services to individuals seeking nursing degrees. Allnurses.com, Inc. (Allnurses), operates a website for nurses and nursing students that allows registered users to open discussion threads, post comments, and "like" other users' comments. After certain unfavorable comments were posted about Test Prep, the company and Mark Olynyk, its owner,

filed suit against several defendants, including Allnurses, its founder Brian Short, and user Uhura Russ.[1]  As relevant here, Test Prep alleged claims sounding in defamation, contract, and fraud, as well as other theories of liability asserting that Allnurses had induced users to post negative comments.  The district court[2] granted Allnurses's motion for judgment on the pleadings and dismissed the suit against Russ for lack of personal jurisdiction.

Test Prep argues that the district court erred in concluding that the Communications Decency Act precluded its trade libel claim against Allnurses for comments posted by third parties on Allnurses.com.  Test Prep also challenges the district court's determination that the complaint's factual allegations did not plausibly state claims related to breach of contract and fraud, as well as the district court's alternative decision to grant summary judgment on the fraud-based claims.  Test Prep argues that Russ had waived any objection to personal jurisdiction and that the case against her should thus have been transferred, not dismissed.  We affirm.

## I.  Background

Allnurses describes its website as "the collective voice of the nursing community, supporting the profession by providing a place where nurses can network, share and learn from their peers."  To participate in the online discussion, users must register with Allnurses.  The registration page states, "Your participation implies full acceptance with our Terms of Service."  The terms of service provide that Allnurses "promote[s] the idea of lively debate," but that users "are not allowed to post libelous information."  The terms of service also warn that any illegal or inappropriate posts

---

[1]Except where the distinction matters, we will refer to Test Prep and Olynyk collectively as "Test Prep" and to Allnurses and Short collectively as "Allnurses."

[2]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

"will be taken down immediately." Allnurses reserves the right to delete or close problematic threads, to edit or remove posts, and to disable the account of any user for failing to comply with the terms or for "any reason deemed appropriate by the administration for the safety and good of the community."

An Allnurses.com user opened a thread entitled "Achieve Test Prep.... anyone?" on the Excelsior College online nursing forum in February 2013. Excelsior College offers nursing degree programs and allows its students to earn credit by examination. Like Test Prep, Excelsior College offers test-preparation programs to help students prepare for exams.

Several users posted comments on the "Achieve Test Prep.... anyone?" thread, which Lisa Dukes moderated.[3] The comments discussed the advantages and disadvantages of using Test Prep's services in conjunction with Excelsior College's registered nursing program. Two sets of comments remain at issue in this case: that Test Prep's services were redundant or obsolete and that Test Prep was under federal investigation.

In August 2014, a user posted that Test Prep provided a valuable service, explaining that the classes were well structured and taught by experienced registered nurses. User JustBeachyNurse responded that Test Prep's services would be rendered redundant when Excelsior College began requiring students to take its test-preparation classes. User monkeyhq reiterated the sentiment, opining that third-party test-preparation services "for Excelsior Exams will be **obsolete** by July 1, 2015" and that

---

[3]Dukes is a longtime member of the Allnurses.com community and serves as a senior moderator. As of March 13, 2015, Dukes had written thirty-two articles for publication on the website and had posted 12,822 comments. For purposes of this appeal, Allnurses has conceded that Dukes acted as its agent when she moderated the "Achieve Test Prep.... anyone?" thread.

paying for such services would be "a total waste of your investment." Dukes "liked" monkeyhq's post.

A Test Prep employee then posted that Test Prep would discontinue its test-preparation services for nursing, but would continue to offer services for general education courses. Other posts similarly indicated that Test Prep would no longer enroll students in its nursing test-preparation classes. The Test Prep employee later emailed the help desk, stating that she worked for Test Prep and asking if she could participate in the discussion, notwithstanding the terms of service's prohibition on promoting or advertising. An Allnurses moderator responded that the employee's participation was acceptable.

On September 12, 2014, Olynyk posted in the "Achieve Test Prep.... anyone?" thread under the username learning-is-good, sparking additional debate. Under the username LadyFree28, Russ posted that Test Prep was "being investigated by the federal government and is under a current lawsuit." Russ noted that "there are too many forums that have stated th[at] Achieve [Test Prep] 'deceived' them with their practices." Under the username duskyjewel, Jennifer Moeller also posted that Test Prep was under federal investigation. The thread was closed to new comments on September 16, 2014, because, according to an email from an administrator to Olynyk, it contained misleading information and several members had complained. In December 2014, another Test Prep employee registered as a user on Allnurses.com and posted a comment in a different thread. Her comment was removed, as were the identical comments she posted in the days that followed. Her account was later disabled.

Test Prep filed suit in New Jersey state court. Allnurses removed the case to federal district court and moved to dismiss for lack of personal jurisdiction. The case thereafter was transferred to the District of Minnesota and discovery commenced.

Acting *pro se*, Russ repeatedly moved to dismiss the complaint. She also filed a counterclaim.

Test Prep moved to compel Allnurses to identify certain users, including JustBeachyNurse and monkeyhq, and to disclose certain IP addresses. The magistrate judge denied the motion, in part because the posts by JustBeachyNurse and monkeyhq were not defamatory. The district court affirmed the magistrate judge's order, agreeing that JustBeachyNurse's and monkeyhq's statements were not false assertions of fact, but rather expressed the opinion that a change in Excelsior College's policy would render Test Prep's services redundant or obsolete.

Test Prep eventually filed a third amended complaint, which Allnurses answered before moving for judgment on the pleadings. The district court determined that Test Prep had failed to allege facts sufficient to hold Allnurses accountable for the posts by JustBeachyNurse, monkeyhq, Russ, and Moeller. It thus dismissed the trade libel claim against Allnurses. It also dismissed the claims sounding in contract and fraud, determining that Test Prep had failed to allege facts sufficient to state plausible claims for relief. The district court alternatively granted summary judgment to Allnurses on the fraud claims. The remaining claims relevant on appeal were dismissed as nonactionable.

After representing herself for more than a year and filing multiple documents, Russ obtained *pro bono* legal representation in Minnesota. Her attorney moved to dismiss the case for lack of personal jurisdiction. The district court granted the motion and denied Test Prep's conditional cross-motion to transfer the case to the Eastern District of Pennsylvania, where Russ resides.

## II. Judgment on the Pleadings in Favor of Allnurses

We review *de novo* a district court's grant of judgment on the pleadings under the same standard that governs a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 981 (8th Cir. 2008). We therefore consider whether Test Prep has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

### A. Trade Libel Claim

Test Prep alleged in its trade libel claim that Allnurses had published false allegations about Test Prep's products, services, property, or business. "A plaintiff alleging trade libel must prove publication of a matter derogatory to the plaintiff's property or business, of a kind designed to prevent others from dealing with him or otherwise to interfere with plaintiff's relations with others." Patel v. Soriano, 848 A.2d 803, 834 (N.J. Super. Ct. App. Div. 2004); see Wilson v. Dubois, 29 N.W. 68, 68 (Minn. 1886) ("False and malicious statements, disparaging an article of property, when followed, as a natural, reasonable, and proximate result, by special damage to the owner, are actionable."). The published statements must be false. See Patel, 848 A.2d at 835; Wilson, 29 N.W. at 68. Test Prep has not appealed the district court's determination that the "redundant" and "obsolete" posts by JustBeachyNurse and monkeyhq were statements of opinion and not false statements. Thus, with respect

to the trade libel claim, we consider only the posts by Russ and Moeller that Test Prep was under investigation and had been sued by the federal government.[4]

Test Prep argues that the district court erred in entering judgment on the trade libel claim on the basis of Section 230 of the Communications Decency Act, which "immunizes providers of interactive computer services against liability arising from content created by third parties." Fair Hous. Council v. Roommates.com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (footnote omitted); see 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."). The Act provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Allnurses is a provider of an interactive computer service, Allnurses.com. Test Prep seeks to treat Allnurses as the publisher or speaker of Russ's and Moeller's posts. The question presented is whether Test Prep has pleaded facts sufficient to attribute those posts to Allnurses. See Jones v. Dirty World Entm't Recordings LLC, 755 F.3d 398, 408 (6th Cir. 2014) ("[I]f a website operator is in part responsible for the creation or development of content, then it is an information content provider as to that content—and is not immune from claims predicated on it.").

We conclude that Test Prep has failed to plausibly allege that Allnurses was the "information content provider" of the posts by Russ and Moeller. The Act defines "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). The complaint alleged only that Russ and Moeller were longtime users of Allnurses.com,

---

[4]Test Prep also has not challenged the district court's conclusion that—even if Dukes's "like" of monkeyhq's post were viewed as a republishing, the "like" could not be defamatory because monkeyhq's post was not a defamatory statement.

who frequently posted comments, and that Moeller stopped posting on the website after Test Prep sent a demand letter to Allnurses. The complaint also referred to the solicitation clause in the terms of service, which states that Allnurses may solicit and pay users for articles or other content. Based on these facts, Test Prep claimed that Russ and Moeller were paid to post and were "volunteers, employees, servants, contractors or agents of Allnurses." We conclude that the sum total of the complaint's factual allegations pleaded no more than a "sheer possibility" that Allnurses was wholly or partly responsible for creating or developing Russ's and Moeller's posts. See Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quoting Twombly, 550 U.S. at 556)). Test Prep thus has failed to plausibly allege that Allnurses was the "information content provider" with respect to those posts. Compare Huon v. Denton, 841 F.3d 733, 742 (7th Cir. 2016) (reversing the grant of the defendant's motion to dismiss because "[r]ather than asserting one or two standalone factual allegations concerning [the defendant's] control over comments, [the] complaint devotes over four pages to detailing [the defendant's] alleged activities"), with Kimzey v. Yelp! Inc., 836 F.3d 1263, 1269 (9th Cir. 2016) (affirming the grant of the defendant's motion to dismiss because the plaintiffs had failed "to state the facts plausibly suggesting" that the interactive computer service Yelp "fabricated content under a third party's identity").

## B. Contract and Promissory Estoppel Claims

The complaint alleged that the terms of service constituted a contract between Allnurses and its members, which include Olynyk as a registered user of Allnurses.com, and that Test Prep was "an entity intended to benefit" from the contract. According to the complaint, Allnurses breached the contract when it failed to remove certain posts about Test Prep and when it prohibited Olynyk and others from engaging in "lively debate" and from "disagree[ing] with anyone on any type of subject." The district court determined that the complaint did not allege facts in

-8-

support of the contention that Test Prep was an intended beneficiary of the terms of service, nor did it "properly allege[] that a contract was formed through the [terms of service]." D. Ct. Order of Jan. 29, 2018, at 32. The district court also concluded that Test Prep had failed to state a plausible claim for breach of the implied covenant of good faith and fair dealing.

Test Prep has not challenged the district court's determination that the company was not an intended beneficiary of Allnurses's terms of service, and the complaint does not allege that the company itself was a party to the contract. In the absence of any contractual relationship between Test Prep and Allnurses, there is no basis for the complaint's allegation that Allnurses had "certain obligations to [Test Prep] under the [terms of service] of the [w]ebsite Allnurses.com, including without limitation, to take down defamatory or 'potentially libelous' or 'libelous' information [and] defamatory posts." Test Prep's separate claim for breach of the implied covenant of good faith and fair dealing likewise fails, because the covenant "does not extend to actions beyond the scope of the underlying contract." In re Hennepin Cty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 503 (Minn. 1995)).[5] We are thus left with the question whether the complaint alleged facts sufficient to state a claim that Allnurses breached a contract with Olynyk, who is both a registered user of Allnurses.com and a plaintiff in this action.[6]

---

[5]The district court applied Minnesota law in determining the contract-related claims, and we will do so as well. Neither party has argued that the district court should have applied New Jersey law.

[6]Other Test Prep employees were registered users and thus may have entered into a contract with Allnurses when they agreed to the terms of service, but those individuals are not plaintiffs in this case. Accordingly—although the terms of service allow Allnurses to remove posts and disable accounts—we need not decide whether Allnurses breached the terms when it removed the repeated comments and disabled the account of a Test Prep employee in December 2014.

Olynyk argues that Allnurses breached the terms of service when it did not "immediately tak[e] down libelous information" and when it closed the discussion thread, thereby preventing him from correcting the false and derogatory statements about Test Prep. The terms state, in relevant part:

> You are not allowed to post libelous information about a person, school, instructor, health care facility, or entity. Any post which is violative of any law or is invasive of a person's privacy will be taken down immediately.

> We promote the idea of lively debate. This means you are free to disagree with anyone on any type of subject matter as long as your criticism is constructive and polite.

Assuming that Allnurses's terms of service constituted an offer that he accepted when he registered on Allnurses.com, Olynyk has failed to plead facts sufficient to establish any breach by Allnurses. "A breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of the contract." Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co., 848 N.W.2d 539, 543 (Minn. 2014). "[A] breach of contract claim requires only that the promise at issue be part of the parties' bargain." Id.; see Baehr v. Penn-O-Tex Oil Corp., 104 N.W.2d 661,664-65 (Minn. 1960) ("[A] contract is a legally enforceable promise," which is an assurance "that a thing will or will not be done."). Allnurses did not promise in the first quoted paragraph to identify and immediately remove any and all potentially false statements. Instead, it clearly disallowed users from posting libelous information and informed them that illegal or inappropriate posts would be removed. Allnurses's statement that it "promote[s] the idea of a lively debate" was not a promise to keep its discussion threads open, particularly in light of the provision that "[p]roblematic posts/threads may be deleted or closed." Olynyk's breach of contract claims thus fails as a matter of law. Because he made no additional arguments for reversal of judgment on his claim for breach of the implied covenant of good faith and fair dealing, we have no reason to separately consider that claim.

-10-

Finally, we conclude that the district court properly granted judgment in favor of Allnurses on the promissory estoppel claim. The complaint alleged that Allnurses made "promises in the [terms of service] and through communications with Mark Olynyk." For the same reasons that the relevant terms of service do not constitute a contractual obligation, they likewise do not constitute a "clear and definite" promise sufficient to support Test Prep's promissory estoppel claim. See Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000) (holding that a statement was not sufficiently "clear and definite" to constitute an enforceable promise). Moreover, Allnurses made no promises in its explanatory messages to Olynyk stating why the thread had been closed, which constituted "the only communication [Test Prep] allege[d] between Olynyk and Allnurses." D. Ct. Order of Jan. 29, 2018, at 33.

## C. Fraud Claims and Other Theories of Liability

Test Prep claimed that Allnurses committed common law misrepresentation and violated the New Jersey and Minnesota Consumer Fraud Acts. See N.J. Stat. § 56:8-2; Minn. Stat. § 325F.69. The complaint alleged that Allnurses held itself out to be a fair and impartial forum that "promote[d] the idea of lively debate," but failed to disclose its relationship with Excelsior College and other advertisers. Test Prep claimed that Allnurses used the forum to advance the interests of those advertisers, as shown by Dukes's like of monkeyhq's post and by Allnurses's actions in closing the thread, removing certain posts by a Test Prep employee, and disabling that employee's account. We agree with the district court that these bare factual allegations do not state common law or statutory claims for fraud that are plausible on their face.

Test Prep contends that the district court erred in converting Allnurses's motion for judgment on the pleadings to a motion for summary judgment with respect to the fraud claims. Having decided that the district court properly granted judgment on the pleadings on those claims, we need not decide whether its alternative disposition of the fraud claims was appropriate. Moreover, we agree with the district court that Test

Prep's remaining claims—for vicarious, contributory, inducement, or acting-in-concert liability—must be dismissed because they are "not independently actionable." D. Ct. Order of Jan. 29, 2018.

### III. Dismissal for Lack of Personal Jurisdiction over Russ

Test Prep pleaded claims of defamation, trade libel, and fraud against Russ. Proceeding *pro se*, Russ moved to dismiss, stating that there was "NO BASIS [for her] being attached to the complaint; LadyFree28 is not an interested business or party affiliated with AllNurses.com." She also moved for a protective order and filed a counterclaim. The purported counterclaim did not state a legally cognizable claim for relief, but did state that Russ was a Pennsylvania resident, who had completed her registered nursing studies at "a local university" and had held a nursing license in Pennsylvania for eleven years. The filing also stated that she could not retain a lawyer or find *pro bono* representation due to the "location of lawsuit and geographical location." Russ filed two additional *pro se* motions to dismiss, which reiterated the factual allegations from her counterclaim. Russ's third motion sought dismissal on due process grounds, stating that Russ "does not live in Minnesota or New Jersey, nor does business in either of the aforementioned states and has lived in Pennsylvania for almost 30 years." After Russ was finally able to secure *pro bono* legal representation, her attorney moved for dismissal, arguing that the court did not have personal jurisdiction over Russ and that venue in Minnesota was inappropriate.

The district court granted the motion, concluding that it lacked personal jurisdiction over Russ and that she had not waived that defense. The court explained:

> The core argument contained in each of Russ's pro se pleadings may fairly be summed up as follows: "Why am I being haled into court in Minnesota? I have nothing to do with this dispute!" Although this argument undoubtedly presents a merits challenge, Russ has raised factual issues that implicate jurisdictional and venue challenges as well.

D. Ct. Order of Aug. 9, 2018, at 8-9. The court denied Test Prep's cross-motion for transfer to the Eastern District of Pennsylvania.

Reviewing *de novo*, we conclude that the district court did not err in granting Russ's motion to dismiss for lack of personal jurisdiction. See Johnson v. Arden, 614 F.3d 785, 793 (8th Cir. 2010) (standard of review). We likewise conclude that Russ did not waive the defense with her inartful *pro se* pleadings. Russ's *pro se* counterclaim did not state any legal basis for relief but rather explained that Russ—a longtime Pennsylvania resident—was unable to defend herself in Minnesota. Russ's repeated *pro se* motions to dismiss were understandable in light of the sprawling nature of the case and Test Prep's multiple amendments of the complaint. We thus agree with the district court's characterization of Russ's pleadings as constituting a challenge to the location of the lawsuit. Cf. Alger v. Hayes, 452 F.2d 841, 844-45 (8th Cir. 1972) (holding that the defendant waived his defense of lack of personal jurisdiction because his conduct did "not reflect a continuing objection to the power of the court to act over the defendant's person").

Test Prep contends that the district court erred in denying its motion to transfer the case against Russ to the Eastern District of Pennsylvania. It argues that the court failed to consider whether the claims against Russ would be time barred if Test Prep were required to file suit anew in Pennsylvania. Test Prep also argues that the court erroneously concluded that Test Prep did not address whether transfer would be in the interests of justice.

The record belies these arguments. In its motion to transfer and memorandum in support of the motion, Test Prep did not explain that the statute of limitations had run in Pennsylvania; nor did it set forth any substantive arguments regarding whether the interests of justice required transfer instead of dismissal. Test Prep merely stated

-13-

that "the Eighth Circuit requires courts to consider whether the case should be transferred rather than dismissed" and cited cases to support that assertion. In light of the scant argument Test Prep presented in its motion papers, we conclude that the district court did not abuse its discretion in denying the motion to transfer.[7] See Everett v. St. Ansgar Hosp., 974 F.2d 77, 79 (8th Cir. 1992) (standard of review).

Conclusion

Having concluded that the district court did not err in granting Allnurses's motion for judgment on the pleadings, we need not decide whether the district court erred in denying Test Prep's motion to compel Allnurses to identify certain users and to divulge certain IP addresses.

The judgment is affirmed.

_____

---

[7]Test Prep raised additional arguments in response to Allnurses's amicus brief in support of Russ's motion to dismiss. Even if the district court granted leave to file these extraneous briefs, it was not required to address the arguments that they raised.

We decline to consider whether the district court erred when it considered the merits of Test Prep's case against Russ in denying the motion to transfer. We conclude that the district court acted within its discretion to deny the motion to transfer, regardless of whether Test Prep could prevail on its claims against Russ.