*GardiNer, J.
 

 The cause of action in this case is denominated slander of title, by a figure of speech, in which the title to land is personified, and made subject to many of the rules applicable to personal slander, when the words in themselves are not actionable. To maintain the action, the words must not only be false, but they must be uttered maliciously
 
 (Smith
 
 v.
 
 Spooner,
 
 3 Taunt. 254;
 
 Pater
 
 v.
 
 Baker,
 
 3 Man., Gr. & Scott 868), and be followed, as a natural and legal conse-'h161106’ a pecrmimy damage to the plaintiff, which must be specially alleged in the declara
 
 *17
 
 tion, and substantially proved on the trial.
 
 (Beach
 
 v.
 
 Ranney,
 
 2 Hill 314; 6 Id. 524.)
 

 The declaration in this case alleges, in the only count to which the evidence applies, that by means of the grievances, divers good citizens, and especially one Asa H. Wheeler, were deterred from purchasing the lands in question, and the plaintiff was prevented from disposing of the same, and thereby deprived of the
 
 advantages
 
 to be
 
 derived
 
 from the sale thereof, &c. The loss of a sale to Wheeler is, therefore, the only special damage incurred by the plaintiff, alleged in the declaration, and established by the evidence. The superior court placed the recovery upon this ground, and it is obviously the only one on which it can be sustained.
 

 Before the words were spoken, the plaintiff and Wheeler had entered into an agreement in writing, for the sale of the lot in question, which was executed by the vendor, and accepted by the vendee, who, upon its delivery, paid two hundred and fifty dollars towards the purchase-money. The agreement was obligatory upon both parties; either could have enforced a specific performance in equity, and thereby attained the precise result contemplated by the contract. Under these circumstances, the representations charged were made by the defendant. The effect of them was not to
 
 prevent
 
 a sale of the land, for that had been secured by the existing contract; Wheeler was induced, by the misrepresentation, to
 
 desire
 
 a relinquishment of the agreement. This was assented to by the plaintiff, the agreement was rescinded, and the note of the vendor received for the amount of the money advanced by the purchaser. This suit was then instituted, and special damages claimed of the defendant, substantially for the non-fulfilment of a contract which had been surrendered, by the consent and agreement of the plaintiff. This is a brief statement of the proceeding.
 

 The court charged “ that it was pretty manifest, from
 
 *18
 
 *testimony Wheeler, that the plaintiff
 
 had sustained damages;
 
 that the former would have taken the title, if it had not been for the words spoken by the defendant.” To this there was an exception, and the question is, whether the special damage alleged by the plaintiff, which is the gist of the action, was established by this evidence.
 

 It has been doubted, whether, in any case where there is a subsisting contract, and its performance is prevented by the representations of a third person, an action would lie in behalf of the person with whom the contract was made. The cases are collected in
 
 Moody
 
 v.
 
 Baker
 
 (5 Cow. 351). The judges in that case were divided in opinion, but Justice Woodwouth, who delivered the opinion of the court, conceded, that the action would not lie, where the contract was for the payment of money; and the principle of the concession extends to every case where a breach of the contract is susceptible of a fixed and definite compensation in money, or where it may, according to the usual practice of the courts, be specifically enforced against the delinquent party.
 

 A misrepresentation which should induce a party to violate a contract for the sale and delivery of goods or stock, would no more be the subject of an action, than one which should cause the refusal to pay a promissory note.
 
 (Morris
 
 v.
 
 Langdale,
 
 2 Bos. & Pul. 284;
 
 Vicars
 
 v.
 
 Wilcox, 8
 
 East 1.) There is'no difference in principle between a contract for the delivery of merchandise, and for the sale of land, except, that in the latter case, the remedy of a specific performance is more complete than a pecuniary compensation.
 

 My own opinion would be, that no action could be sustained in such a case, upon the ground taken in
 
 Vicars
 
 v.
 
 Wilcox (supra),
 
 that the damage must be the
 
 legal,
 
 and not the
 
 illegal
 
 consequence of the words spoken. This principle was recognised in
 
 Butler
 
 v.
 
 Kent
 
 (19 Johns. 228), and in
 
 Beach
 
 v.
 
 Ranney
 
 (2 Hill 309); that in an
 
 *19
 
 action for words not actionable
 
 per se,
 
 the damage must be “the natural and immediate consequence of the speaking of the words.” See *also
 
 Crain
 
 v.
 
 Petrie
 
 (6 Hill 524) and
 
 Moody
 
 v.
 
 Baker
 
 (5 Cow. 354).
 

 In this case,’the words charged were not the immediate cause of the non-fulfilment of the contract, in any conceivable view that can be taken. But if I am wrong in this, there is no case that holds, that where the special damage consists in the violation of a contract, the plaintiff may discharge the obligation, and then recover damages in an action of
 
 tort
 
 for its non-performance. The right claimed to be affected by the slander, originated in and subsisted by virtue of the contract; when that was discharged, it fell with it. The vendor and vendee elected to consider the agreement as null from the beginning; when the suit was instituted, therefore, there could be no injury, for there was no right to be affected. Yet, under these circumstances, the plaintiff has been permitted to recover a thousand dollars by way of damages, because Wheeler wished to be discharged from a purchase of a lot, the stipulated value of which was nine hundred dollars, and was discharged by the vendee accordingly.
 

 In
 
 Bird
 
 v.
 
 Randall
 
 (3 Burr. 1345), the action was for enticing a servant from the employment of the plaintiff. The servant was bound to the master for five years, under a penalty of 100l. The plaintiff sued the servant, and recovered judgment, which was paid, after the suit against the defendant was at issue and noticed for trial. It was held, that the defendant was discharged; the recovery against the servant, by him, and payment, put an end to the contract, as Lord Mansfield remarks; and in his reasoning, he puts a satisfaction upon the same ground as a release, or discharge of the contract. The judgment must be reversed.
 

 Judgment reversed, and new trial ordered.