ANNA M. VAN BLARCOM AND PETER W. VAN BLARCOM, ADMINISTRATORS OF GARRET S. VAN BLARCOM, DECEASED, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

1. An action to recover damages for causing death by negligence, is not within rule 16 of the Supreme Court, requiring certain actions to be styled, in the process and pleadings, actions of tort.
2. The objection may be raised by a general demurrer.

On demurrer to declaration.

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the plaintiffs, *M. Rosenkrans.*

For the defendants, *Flavel McGee.*

The opinion of the court was delivered by

SCUDDER, J.   The plaintiffs brought this action against the defendants under the " Act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default."   *Rev., p.* 294.

In the declaration the cause is styled an action of tort, and to this form of pleading a general demurrer has been filed. This objection is not a matter of form, but of substance, and may be raised by a general demurrer.   *Flanagan* v. *Camden Mutual Ins. Co.,* 1 *Dutcher* 506 ;   *Gregory* v. *Thomson,* 2 *Vroom* 166.    Prior to rule 16 of the Supreme Court, of June Term, 1885, this action for causing the death of the intestate by the alleged neglect of the defendants' agents in running their engine and cars, would have been brought in the form of an action on the case, as has been the usual practice in our courts, but if the pleader supposed that this rule has made a change in the the form of action as applicable to

Day v. Ridgefield.

this case, he has failed to carefully examine its terms. Actions of trespass for injuries to property, real or personal, actions of trover and of trespass on the case for injuries to property, real or personal, shall be thereafter styled, in the process and pleadings, actions of tort. These are the words of the rule. Injuries to property, not injuries to the person, are included in the form of action prescribed. If the person had not been killed, but merely wounded, by the collision set out in the declaration ; he, in bringing his action charging negligence and consequent injury to his person, would not be within the terms of the rule and could not sue in tort. The administrator who stands in his place since his death, to keep the cause of action alive for the benefit of the widow and next of kin, is suing for the injury to the person, and not to the property of the decedent, and must bring his action as if the rule had not been made.

The demurrer is allowed, but the plaintiffs may amend, within this term, on payment of costs, and service of a rule to plead on the defendants.