J. MORRIS CHILDS AND CHARLES H. CHILDS, RESPONDENTS, *v.* RICHARD T. TUTTLE AND OTHERS, APPELLANTS.

*Action for a slander of the title to personal property — when the plaintiffs will be required to furnish a bill of particulars.*

The plaintiffs alleged in the complaint in this action, in the most general manner, that the defendants wrongfully and maliciously sent their agents and employees to the agents, purchasers and users of a spring tooth harrow, manufactured and sold by plaintiffs, to threaten such agents, purchasers and users with litigation if they continued to use, purchase or sell such harrow, falsely claiming that such harrow was an infringement upon certain patents owned by the defendants; that the defendants also wrongfully published and sent to such agents, purchasers and users sundry false circulars and letters of a threatening character warning them against purchasing, selling or using such harrow, some of which were set out in the complaint.

*Held,* that the defendants properly demanded that the plaintiffs furnish a bill of particulars setting forth the names and places of residence of each of the agents, purchasers or users of the plaintiffs' harrow, to whom, it was claimed, that the defendants sent their agents or employees who made the threats complained of, and also setting forth what circulars or threatening letters were sent besides those set out in the complaint.

That the plaintiffs should not be required to state the names of the agents sent by the defendants to the agents, purchasers and users of the plaintiffs' harrow, as that information lay peculiarly within the knowledge of the defendants.

That it was not necessary, for the defendants' protection, that the plaintiffs should furnish a bill of particulars in respect to allegations of the plaintiffs' loss of customers and sales, the refusal of customers to pay and the rescission of their contracts, as the plaintiffs could only recover in this action such damages as were specifically alleged.

Appeal from an order made at the Onondaga Special Term denying the defendants' motion to compel the plaintiffs to make and serve a bill of particulars of their cause of action.

*J. Henry Metcalf*, for the appellants.

*J. R. Swan*, for the respondents.

Martin, J.:

We think the learned judge at Special Term erred in denying the defendants' motion. The action was for slander of title to personal property. The plaintiffs in their complaint allege in the most general manner, that the defendants wrongfully and maliciously sent their agents and employees, to the agents, purchasers and users of a spring tooth harrow, manufactured and sold by plaintiffs, to threaten such agents, purchasers and users with litigation if they continued to use, purchase or sell such harrow; falsely claiming that such harrow was an infringement upon certain patents owned by defendants; that the defendants also wrongfully published and sent to such agents, purchasers and users, sundry false circulars and letters of a threatening character, warning them against purchasing, selling or using such harrows, some of which are set out in the complaint.

The defendants by their motion sought to ascertain to what agents, purchasers or users of the plaintiffs' harrow it was claimed that defendants had sent their agents or employees, who had made the threats alleged; and also what circulars and threatening letters beside those set out in the complaint were claimed to have been sent by them.

The office of a bill of particulars is to apprise the opposite party of each item or specific proposition for which the pleader contends in respect to any material, issuable fact in the case. It seems quite

clear that the defendants should be apprised with greater particularity of the specific claims that are made against them in this action. We think they are entitled to the relief sought, so far as to require the plaintiffs to furnish them a bill of particulars setting forth the names and places of residence of each of the agents, purchasers or users of the plaintiffs' harrow to whom it is claimed that the defendants sent their agents or employees who made the threats complained of, and also setting forth what circulars or threatening letters were sent besides those set out in the complaint. (*Stiebeʼing* v. *Lockhaus*, 21 Hun, 457; *Gardinier* v. *Knox*, 27 Hun, 500; *Daniel* v. *Daniel*, 2 Civ. Pro., R., 238; *Hat Sweat Manuf. Co.* v. *Reinoehl*, 40 Hun, 47.

The defendants also sought to require the plaintiffs to state the names of the agents sent by defendants to the agents, purchasers and users of plaintiff's harrow. That information lies peculiarly within the knowledge of the defendants, and for that reason that part of the application should be denied. (*Fink* v. *Jetter*, 38 Hun, 163.)

Nor is it necessary for the defendants' protection that a bill of particulars be ordered in respect to the allegations in the complaint of the plaintiffs' loss of customers and sales, the refusal of customers to pay, and the rescission of their contracts. In this action the plaintiffs can only recover such damages as are specifically alleged. (*Tobias* v. *Harland*, 4 Wend., 537; *Linden* v. *Graham*, 1 Duer, 670; *Hallock* v. *Miller*, 2 Barb., 630; *Kendall* v. *Stone*, 5 N. Y., 14; *Havemeyer* v. *Fuller*, 10 Abb. N. C., 13.)

Order denying motion reversed, with ten dollars costs and disbursements, and motion granted in part. Order may be settled on five days notice by Mr. Justice MARTIN.

HARDIN, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted in part; order may be settled on five days notice before Mr. Justice MARTIN.