STEVENSON v. LOVE.

(Circuit Court, D. New Jersey. January 28, 1901.)

1. SLANDER OF TITLE—PLEADING.

The complaint alleged the assignment by defendant to plaintiff of a contract for purchase from a third person of a bond and mortgage, which was a lien on defendant's property; that the agreement between plaintiff and defendant was that, if plaintiff took an assignment thereof, he should become, and continue to be, the owner thereof, with all the rights of an ordinary assignee for value; that, after plaintiff became owner of the bond and mortgage, defendant made false statements concerning plaintiff's ownership and his right to dispose thereof by sale, whereby plaintiff was prevented from making a certain sale, and was obliged to sell at a less price. Held, that the action was improperly laid in contract, the cause of action being for slander of title.

2. SAME—DAMAGES.

    A complaint for slander of plaintiff's title to property, whereby he was prevented from making a certain sale, and was obliged to make another at less price, being for special damages, should state the names of the customer lost and of the one to whom sale was made, and the price he could have obtained and that actually obtained.

Preston Stevenson, for plaintiff.
Fredk. J. Faulks, for defendant.

KIRKPATRICK, District Judge. The declaration in this case sets forth that the defendant, by his agent, assigned to the plaintiff a certain contract theretofore entered into between the defendant and one Raabe for the purchase of a bond and mortgage made by one Thomas K. Moore, which was a valid lien for $7,500, besides interest, upon lands in the city of New York, of which the defendant was then the owner; that the agreement between the plaintiff and defendant provided, among other things, that, in the event of the plaintiff's taking an assignment of said bond and mortgage under said agreement with Raabe, he (the said plaintiff) should thereupon become, and continue to be, the owner of said bond and mortgage, with all the rights of an ordinary assignee for value. The declaration further avers that by virtue of said agreement the plaintiff did afterwards become the owner of said bond and mortgage, and that "the defendant, through his agent and attorney at law, with intent to obstruct and defeat the rights of the plaintiff to said bond and mortgage, and plaintiff's benefit and advantage from the ownership and disposition thereof, made certain false statements, knowing them to be false, respecting the plaintiff's ownership of said bond and mortgage, and his right to dispose of the same by sale, falsely and wrongfully asserting or implying in and by such statements, or substantially to that effect, that said plaintiff had no right to sell said bond and mortgage"; that the said plaintiff had "substantially agreed" to sell the said bond and mortgage to one or more persons for a sum greatly in excess of the amount paid for them, but that sale was defeated because said false statements came to the knowledge of the intending purchaser; that afterwards, on account of such false statements, plaintiff was obliged to sell and did sell the said bond and mortgage to the defendant, or to a person for his benefit, or his agent or attorney, at a price much less than he would have secured had his negotiations not been defeated by the said wrongful acts, whereby he (the plaintiff) has suffered an actual loss on sale of said bond and mortgage of $4,000, to his damage $5,000, for which he brings his suit. To this declaration a general demurrer was filed, and the grounds of demurrer are specifically set forth. The agreement upon which the declaration was founded was not annexed thereto when or as filed, and, though printed with, is not properly a part of, the record. The basis of the plaintiff's suit is the wrongful acts of the defendant complained of in the declaration, to wit, the "making of certain false statements concerning the plaintiff's ownership of said bond and mortgage, and his right to dispose of it by sale." These statements, if made, did not affect the title of the plaintiff, as "the owner of said bond and mortgage, with all the rights of an assignee for value," as plaintiff contends; but at most merely prevented him from realizing at sale

the full amount which he considered his bond and mortgage worth. If the alleged false representations worked the plaintiff an injury for which he is entitled to pecuniary damages, these damages do not arise from any breach of covenant in the contract referred to in the declaration, but are the result of a tort known as "slander of title." The covenant in the agreement which is relied on by the plaintiff to sustain his suit was a personal one, and could only be invoked to stop the defendant from denying plaintiff's ownership of the bond and mortgage as a bona fide holder for full value in suit between them. It gave no right of action for any loss sustained by plaintiff by reason of false statements made in respect to the plaintiff's right to sell said bond and mortgage. In my opinion, the action is improperly laid in contract. It should have been in tort. Objection to the form of the action is the first cause of demurrer specified by defendant. It is one of substance, and may be raised by general demurrer. Van Blarcom v. Railroad Co., 49 N. J. Law, 179, 6 Atl. 503. The action, then, being in the nature of one for slander of title, special damage is its gist and substance, and it must be pleaded with particularity. Odgers, Lib. & Sland. p. 137. An allegation of loss in general terms is not sufficient. 13 Enc. Pl. & Prac. p. 97, and cases there cited. It will be observed that the declaration in this case fails to set out the name of the person to whom or the price at which the sale of the bond and mortgage could have been made if the alleged false statements had not been made by the agents or attorneys of the defendant, or to state either the name of the subsequent purchaser or the price actually obtained at the sale afterwards made. All of these are necessary averments. "If the special damage was a loss of customers, or of a sale of property, the persons who ceased to be customers or who refused to purchase must be named, and, if they are not named, no cause of action is stated." Linden v. Graham, 1 Duer, 670; Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68. Other causes of demurrer are assigned, but it is not necessary to consider them. For the reasons above given, judgment on the demurrer must be for defendant.