proof as to a material fact, and the trial court could not do otherwise than dismiss the complaint. The legal relation of the parties was not changed by the credit in the plaintiff's account or the entry in his passbook. This was a matter of bookkeeping, which, if the check were not collected, could easily be corrected. Such entries did not constitute a payment of the check or transfer the title of it to the defendant. Dickerson v. Wason, 47 N. Y. 439, 7 Am. Rep. 455; Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765; 3 Am. & Eng. Enc. of Law (2d Ed.) 817.

[2] The plaintiff was not entitled to recover for another reason. The proof was uncontradicted that the payee named in the check had never indorsed it, and what purported to be his signature was a forgery. Under the negotiable instruments law (section 42), where a signature is forged, or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority. The plaintiff never obtained title to the check. He could not have enforced collection of it, and what he could not do himself he could not empower the defendant to do. Had a collection been made by defendant, plaintiff would not have been entitled to the money. The amount collected would belong to the payee, and he would have had a right of action against the defendant, had it refused to pay the same to him. If the drawer had paid the check in ignorance of the forgery, and had acted promptly, he could have compelled the defendant to repay it, in which case, if the Trust Company had paid the same to the plaintiff, it could have compelled him to refund the amount received. Oriental Bank v. Gallo, 112 App. Div. 360, 98 N. Y. Supp. 561, affirmed 188 N. Y. 610, 81 N. E. 1170; Seaboard National Bank v. Bank of America, 193 N. Y. 26, 85 N. E. 829, 2 L. R. A. (N. S.) 499.

In either view, therefore, the plaintiff was not entitled to recover.

The determination of the Appellate Term is reversed, with costs, and the judgment of the Municipal Court affirmed, with costs. All concur.

---

## FELT v. GERMANIA LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT—EFFECT.

Defendant, by moving for judgment on the pleadings, admits the truth of the facts alleged in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1053; Dec. Dig. § 350.*]

2. LIBEL AND SLANDER (§ 139*)—SLANDER OF TITLE—CAUSE OF ACTION—ELEMENTS—COMPLAINT.

A complaint, to state a cause of action for slander of title, must not only allege that the statement complained of was false and published

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maliciously, but must also allege facts showing that pecuniary damages resulted to plaintiff by reason thereof.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 394; Dec. Dig. § 139.*]

3. LIBEL AND SLANDER (§ 139*)—SLANDER OF TITLE—COMPLAINT.

A complaint against a mortgagee of real property for slander of title alleged the false and malicious publication of a statement that the mortgage had been due since November 18, 1907, and that the statement was made to a realty company after plaintiff had secured a written contract to sell the property to such company, and was made maliciously, with intent to injure plaintiff, not only to the realty company, but to others, and by reason thereof plaintiff was unable to consummate the sale to the realty company, or to others, who had been ready, willing, and able to purchase the property at the specified price, by reason of which fact plaintiff had sustained damages, which he sought to recover. *Held*, that since plaintiff had an enforceable contract with the realty company, and could have maintained a suit for specific performance, notwithstanding the mortgagee's statement, and since at the time the statement was made plaintiff could not, by reason of his contract with the realty company, have sold the property to others, the complaint did not show that he had suffered damage by reason of defendant's slander of title, and therefore did not state a cause of action.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 394; Dec. Dig. § 139.*]

Appeal from Special Term, New York County.

Action by Abraham Felt against the Germania Life Insurance Company. From an order denying defendant's motion for judgment on the pleadings, it appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

J. Brewster Roe, for appellant.
Joseph H. San, for respondent.

McLAUGHLIN, J.   Action to recover damages for an alleged slander of title to real estate.  The complaint alleges, in substance, that on February 19, 1907, the plaintiff and one Malakoff, who were then the owners of certain real estate in the city of New York, borrowed from the defendant $145,000, and as collateral security for the payment of a bond for that amount they executed and delivered to it a mortgage upon the real estate in question.  The mortgage did not state when the money borrowed was payable.  The only provision with reference thereto was that the amount loaned would become due at the time stated in the bond, the payment of which the mortgage was given to secure, and that the whole amount would become payable at the option of the defendant upon a default by the mortgagors in payment of interest or taxes.  A default did occur in the payment of taxes in October, 1907, and the defendant thereupon gave notice that it elected to consider the whole amount due and payable.  A few days later, however, upon payment of the taxes by the plaintiff, the defendant, in writing, withdrew the notice and reinstated the mortgage to its former condition.  Some time thereafter the plaintiff, to whom Malakoff had previously conveyed his interest in the land, made a contract in writing with the Nova Realty Company for the sale of the property subject to the mortgage held by the defendant.  In the

contract it was expressly stipulated that the mortgage would mature on February 1, 1912, which was the date named in the bond. Shortly after making the contract the plaintiff and the Nova Realty Company applied to the defendant for a written statement as to the time when the mortgage debt would become payable, and it gave a certificate to the effect that the mortgage was then due, and had been due since October 18, 1907, the day when the notice was served that it elected, by reason of the plaintiff's failure to pay the taxes, to declare the whole sum due. It is alleged that this statement was false, and that the defendant maliciously, and with intent to injure the plaintiff, published the same, not only to the Nova Realty Company, but to others, and by reason thereof the plaintiff was unable to consummate the sale to the Nova Realty Company, or to one Walter E. Preble, or to others, each of whom had been ready, willing, and able to purchase the property for $210,000, and by reason of that fact the plaintiff had sustained damage to the extent of $100,000, for which judgment was demanded.

The answer, after setting up certain denials, alleged among others, as a separate defense, the statute of limitations. The plaintiff demurred to this defense, and the defendant thereupon made a motion for judgment upon the pleadings. The motion was denied, and the appeal is from the order.

[1, 2] The defendant, by moving for judgment upon the pleadings, admitted the truth of the facts alleged in the complaint. Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890; Ship v. Fridenberg, 132 App. Div. 782, 117 N. Y. Supp. 599. But, notwithstanding such admission, I am of the opinion that the motion should have been granted, because the complaint does not state facts sufficient to constitute a cause of action. A complaint, in order to constitute a cause of action for slander of title, must not only allege that the statement complained of was false and published maliciously, but that pecuniary damage resulted to the plaintiff by reason thereof. Kendall v. Stone, 5 N. Y. 14.

[3] The facts pleaded by the plaintiff do not show that he has suffered any pecuniary damage whatever as the direct result of the defendant's acts. It is true the complaint alleges that the plaintiff was unable to consummate the sale of the property to the Nova Realty Company on account of the false sattements; but in connection therewith it is alleged that prior to the false statements the Nova Realty Company had entered into a written contract to purchase, and the plaintiff to sell to it, the real estate referred to, and that such contract was in force at the time the alleged statements were made. This contract the plaintiff could have compelled the Realty Company to specifically perform. It was under a legal obligation to do so, notwithstanding the defendant's statement, and the fact that it refused to carry out its contract was not chargeable to the defendant.

The court at Special Term recognized the force of this rule, but held the complaint to be sufficient, because there were allegations in it to the effect that the plaintiff was prevented from selling the property, not only to the Realty Company, but to Walter E. Preble and others, who were able and willing to buy it. The complaint shows

that the statement alleged to have been made was after the plaintiff had entered into the contract with the Realty Company, and while that contract was in force. Therefore, had the plaintiff desired, at the time the statement was made, to sell to Preble or others, he could not have done so by reason of the contract with the Realty Company. The Realty Company is alleged to have been able to make the purchase. Plaintiff could, notwithstanding the statement, have compelled it to specifically perform, and in that case no damages would have been sustained.

Kendall v. Stone, supra, is directly in point. There it was sought to recover damages for false representations concerning the plaintiff's title to land, on account of which "divers good citizens, and especially one Asa H. Wheeler, were deterred from purchasing the lands in question, and the plaintiff was prevented from disposing of the same, and thereby deprived of the advantages to be derived from the sale thereof." It appeared that prior to the alleged slander of title Wheeler had entered into a contract with the plaintiff for the purchase of the land, which contract was in force at the time of the publication. It was held that the action could not be maintained, because the plaintiff had not been damaged by the defendant's act.

"The agreement," says the court, "was obligatory upon both parties. Either could have enforced a specific performance in equity, and thereby attained the precise result contemplated by the contract. Under these circumstances the representations charged were made by the defendant. The effect of them was not to prevent a sale of the land, for that had been secured by the existing contract."

This authority has since been followed, and was cited with approval as late as 186 N. Y. 437, 79 N. E. 710 (Reporters' Association v. Sun Printing & Publishing Association). See, also, Townsend on Slander (3d Ed.) p. 337.

Defendant's statement as to the mortgage being due did not justify the Realty Company in breaking its contract with the plaintiff, nor could the plaintiff release the Realty Company therefrom and then recover from the defendant the damages which he had sustained.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.