LIZZIE A. CLARK, Respondent, *v.* LOUIS L. DOLLINGER, Appellant.

Fourth Department, May 2, 1923.

Slander of title — false statement by plaintiff's agent as to rent paid by defendant and not false statement by defendant as to length of lease caused purchaser to object — false statement affecting title made to purchaser after contract is signed cannot be basis of cause of action.

In an action based upon an alleged slander of title it appeared that the plaintiff entered into a contract for the sale of real property; that his agent falsely represented that the defendant, a tenant of the property, was paying a monthly rental of forty-five dollars, whereas in fact the rental was thirty-five dollars; that after the contract of sale was signed but before the deed was delivered, the defendant informed the purchaser that he held a lease for one year at the rental of thirty-five dollars per month; and that the purchaser objected to the title and a compromise was effected whereby the plaintiff deducted one hundred and ten dollars from the purchase price, that amount representing the difference in rent for eleven months.

*Held,* that inasmuch as the purchaser's objection was not based upon the existence of a lease for one year but upon the false representation by the plaintiff's agent that the rent was forty-five dollars, there was no causal connection between the false statement of the defendant that he held a lease for a year and the refusal of the purchaser to take title, and furthermore, no legal damage is shown in behalf of the plaintiff since the alleged false statement as to the lease was made after the purchaser had signed a written contract.

APPEAL by the defendant, Louis L. Dollinger, from a judgment and order of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 16th day of January, 1923, affirming a judgment of the City Court of Rochester, Civil Branch, in favor of the plaintiff.

*Frank H. Parker,* for the appellant.

*Louis S. Pierce [Henry R. Glynn* of counsel], for the respondent.

SEARS, J.:

The plaintiff has obtained a judgment against the defendant based upon an alleged slander of title. The facts most favorable to the plaintiff and upon which she relies to sustain her judgment are as follows:

From April 1, 1919, to March 31, 1920, the defendant was a tenant of part of the premises at 100–102 Alliance avenue in the

city of Rochester, under a written lease. The plaintiff, before the expiration of this lease, acquired title to the premises subject to such lease. Pursuant to a verbal agreement between the parties hereto, the defendant continued to occupy the same part of the premises after April 1, 1920, as a tenant for the month of April, 1920, or from month to month, at a rent of thirty-five dollars a month.

On April fifteenth the plaintiff entered into a written contract with one William L. Hoyt to sell the premises to Hoyt. Previous to the signing of this contract the plaintiff's real estate agent stated to Hoyt that the defendant's rent was forty-five dollars a month. After the contract of sale was signed by both the plaintiff and Hoyt, but before the deed was delivered to the purchaser, the defendant stated both to the purchaser and to the plaintiff's husband that he was in possession of his part of the premises under a verbal lease for the term of one year ending March 31, 1921, at a rental of thirty-five dollars a month, and that he would insist upon remaining in possession of the part of the premises covered by this verbal lease during that term.

When the plaintiff and the purchaser met to close their transaction, and after the defendant's statement above mentioned was made, the purchaser declined to take the property. To obviate the purchaser's objection to taking the property, the plaintiff thereupon came to an agreement with him to reduce the purchase price of the premises by the sum of one hundred and ten dollars, this figure being based on a difference of ten dollars in the monthly rental between forty-five dollars and thirty-five dollars for eleven months, that is, from the first day of May, the date when the reduction was made, to the 31st day of March, 1921, to which date the defendant had claimed that he had a verbal lease. The court must have found that the statement of the defendant as to the length of his tenancy was false and known to be such to the defendant, and maliciously made, and that the refusal of the purchaser to take the property and pay the purchase price was the result of this statement of the defendant.

Upon these facts the plaintiff recovered judgment against the defendant for $110 damages.

There are two sufficient reasons why this judgment cannot be sustained:

*First.* It conclusively appears that the purchaser's objection to taking the title and paying the purchase price was not based upon that part of the false statement made by the defendant relating to the length of the tenancy unconnected with the amount of the rent, but upon the fact that the amount of the rent which the

defendant was to pay for the following eleven months was *thirty-five dollars* instead of forty-five dollars, as had been previously represented to the purchaser by the plaintiff's real estate agent to be the defendant's rent. While the defendant had stated that he was paying a rent of thirty-five dollars, this part of his statement was true. Even if the plaintiff could not have enforced his contract of sale against the proposed purchaser, Hoyt, because of the representation by his agent that the rent was forty-five dollars, made before the contract was signed, this statement of the agent was one of which the defendant was wholly innocent; consequently as matter of fact there was no causal connection between the false statement of the defendant and the refusal of the proposed purchaser to take the title or the subsequent adjustment by a reduction of one hundred and ten dollars in the purchase price.

*Second.* If it is assumed, however, that a maliciously false statement of the defendant was the ground of the purchaser's objection to closing the deal, the plaintiff is in no better position. As the plaintiff had entered into a written contract for the sale and purchase of the premises before the statement which is the basis of this action was made by the defendant, that contract was entirely independent of any statement of the defendant. If that contract of sale and purchase was valid, the plaintiff was entitled to enforce it no matter what false statements had been made by the defendant. If, on the other hand, it was not valid, it could not be enforced and the plaintiff as seller in such case could suffer no injury in the loss of an unenforcible contract. The allowance of $110 on the purchase price was, therefore, not the legal result of the defendant's statement, but so far as defendant was concerned, was an entirely voluntary act of the plaintiff. No legal damage to the plaintiff resulting from the false statement was shown. (*Kendall* v. *Stone*, 5 N. Y. 14; *Felt* v. *Germania Life Ins. Co.*, 149 App. Div. 14; 25 Am. & Eng. Ency. of Law [2d ed.], 1077.)

The recovery against the defendant was, therefore, without legal foundation.

The judgment of the County Court of Monroe county and of the City Court of Rochester should be reversed and the complaint dismissed, with costs in all courts.

All concur.

Judgments of Monroe County Court and of Rochester City Court reversed, and complaint dismissed, with costs in all courts.