## CARROLL et al. v. WARNER BROS. PICTURES, Inc.

District Court, S. D. New York.
Aug. 11, 1937.

Mark C. Candee, of New York City, for plaintiffs.

Robert W. Perkins, of New York City, for defendant.

LEIBELL, District Judge.

This action was commenced in the New York Supreme Court on August 24, 1936, and was thereafter, upon defendant's application, removed to this court. Subsequent to said removal and on or about February 15, 1937, the plaintiffs served an amended complaint.

The present motion is made by defendants under rule 106 of the Rules of Civil Practice to dismiss each of the four causes of action set forth in the amended complaint on the ground that each of them fails to state facts sufficient to constitute a cause of action. Defendant also moves under rule 107 of the Rules of Civil Practice to dismiss the first cause of action on the ground that it "did not accrue within the time limited by law for the commencement of an action thereon."

The complaint alleges that the plaintiffs are authors, scenario and screen writers and that pursuant to a request made to them in the spring of 1934 by defendant's agents and employees, they prepared a scenario or plot adaptable to a motion picture featuring Paul Muni. This scenario and plot, it is alleged, was based upon the work of General Gorgas and the construction of the Panama Canal and "said scenario and plot was an original, ingenious and practical solution of the dramatization of an historical American undertaking theretofore admitting of no screen adaptation." It is further alleged that the scenario and plot were submitted to defendant, but the defendant rejected and refused to purchase same or to compensate plaintiffs for their services in connection therewith. It is further alleged that "in the year 1935" the defendant "willfully and maliciously" filed and registered with a motion picture producers association its intention to make a motion picture based on the life of General Gorgas and the construction of the Panama Canal, "which intention duplicated plaintiffs' own solution thereof."

The complaint further avers that it is well understood by motion picture producers that when one producer registers or files a scenario or plot with the association, the said producer owns the exclusive rights to said scenario and plot, and that as the result of the public announcement of defendant's intention to make such a motion picture, the plaintiffs became unable to sell their scenario to any other producers. It is also alleged that "each and all of said motion picture producers to whom said scenario and plot was submitted declined and refused to purchase the same from the plaintiffs solely because of said registration and filing and said public announcement of production by the defendant as aforesaid."

The first count purports to set forth a cause of action for slander of title. The second cause of action reads in quasi contract and charges an unjust enrichment of the defendant by reason of its use of plaintiffs' scenario and plot. The third count

purports to set forth a cause of action for services rendered. The fourth cause of action is based upon an unlawful combination or conspiracy in restraint of trade.

At the outset, I will dispose of that portion of the motion which seeks a dismissal of the first cause of action (based on slander of title) on the ground that it is barred by the statute of limitations. There is no allegation anywhere in the complaint as to where the transactions complained of took place. There is no allegation by which the court can know where any of the alleged causes of action arose. There are some references in the complaint to the law of California and it may be that the pleader intended to allege that all the transactions complained of took place in California, but this he has wholly failed to do. In any event, it is well settled that the applicable statute of limitations is the law of the forum. See Restatement of the Law of the Conflict of Laws, § 604. Accordingly, the law of New York state will be applied in determining whether or not the first cause of action accrued within the time limited by law for the commencement of an action thereon.

Prior to April 8, 1936, section 50 of the New York Civil Practice Act provided that an action for libel or slander must be commenced within two years after the cause of action accrued. By an amendment which became effective on said date (Laws 1936, c. 327 [section 1]), sections 50 and 51 of the New York Civil Practice Act were amended so as to provide that an action to recover damages for libel or slander must be commenced within one year. However, the amendment contained a proviso (section 2) to the effect that causes of action for libel or slander which had accrued prior to the adoption of the amendment might be commenced within two years from the date of said accrual, except where the unexpired portion of the limitation of time to commence the action exceeds one year, in which event the action must be begun within one year after April 8, 1936. The plaintiffs' first alleged cause of action which accrued "in the year 1935" is within the terms of the proviso and is not barred by the statute of limitations.

It has been argued that the ordinary statute of limitations upon an action for slander should have no application to a cause of action for slander of title, and it is pointed out that a cause of action for slander of title involves no injury to reputation, but only an injury to property. In this case, therefore, it is contended that the longer statute of limitations applicable to injuries to personal property should be applied. This question does not seem to have arisen under the New York statute, but was squarely passed upon in the case of Buehrer v. Provident Mutual Life Insurance Co. (1931) 123 Ohio St. 264, 175 N.E. 25. In that case a section of the Ohio Code was interpreted by the court, which said in its opinion (123 Ohio St. 264, 175 N.E. 25, at page 27):

"Section 11225, General Code, provides that actions for libel and slander should be brought within one year after the cause thereof accrued. That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander or libel against the person only; nor is it confined to any particular kind of slander— slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction."

This excerpt from the Ohio court's opinion is equally applicable to the New York statute. I conclude therefore, that the first cause of action based on slander of title is not barred by the statute of limitations.

I shall now consider the motions under rule 106 of the Rules of Civil Practice addressed to each of the four causes of action contained in the complaint.

1. I am of opinion that the first cause of action, based upon an alleged slander of title, is defective for the reason that it fails to allege any special damages. The elements of a cause of action for slander of title are set forth in the case of Kendall v. Stone, 5 N.Y. 14, at page 18, as follows:

"The cause of action in this case is denominated slander of title, by a figure of speech, in which the title to land is personified, and made subject to many of the rules applicable to personal slander, when the words in themselves are not actionable. To maintain the action the words must not only be false, but they must be uttered maliciously—(Smith v. Spooner, 3 Taunt, 254; Pater v. Baker, 3 Man. Gr. and Scott, 868) —and be followed as a natural and legal consequence by a pecuniary damage to the plaintiff, which must be specially alleged in the declaration, and substantially prov-

ed on the trial. (Beach v. Ranney, 2 Hill [(N.Y.) 309] 314; [Crain v. Petrie, 6 Hill [(N.Y.) 522], 524 [41 Am.Dec. 765].)"

To the same effect, see the case of Linden v. Graham, 8 N.Y.Super.Ct. (1 Duer) 670, at page 672, where the court said:

"We apprehend that, in all actions of slander for words not in themselves actionable, the right to recover depends upon the question whether they caused special damage, and that the special damage must be fully and accurately stated. If the special damage was a loss of customers, or of a sale of property, the persons who ceased to be customers, or who refused to purchase, must be named; and that, if they are not named, no cause of action is stated. Kendall v. Stone [5 N.Y.] 1 Seld. 14."

The applicable rules were also stated in the case of Le Massena v. Storm, 62 App. Div. 150, at page 154, 70 N.Y.S. 882, 884, where the court said:

"Under the authorities, we are of the opinion that these slanderous words were more in the nature of a slander of a newspaper than of the plaintiff. When the slander is of a property right or title, or of a thing, falsity of utterance, malice, and special damages flowing or resulting necessarily or naturally, as the proximate consequence, must be alleged and shown by the plaintiff, except in those cases where the slanderous words also impute to the owner dishonesty, fraud, deception or other misconduct in his trade or business in connection with the property. Odgers, Lib. & Sland. (3d Ed.) pp. 30, 73, 88, 156; Newell, Defam. (2d Ed.) 203, 204, 208, 217; Townsh. Sland. & Lib. (4th Ed.) §§ 205, 206; Kendall v. Stone, 5 N.Y. 14; Like v. McKinstry, 41 Barb. 186; Evans v. Harlow, 5 Q. B. 624; Young v. Macrae, 3 B. & S. 264; Wilson v. Dubois, 35 Minn. 471, 29 N.W. 68 [59 Am.Rep. 335]."

Likewise, in the case of Childs v. Tuttle, 17 N.Y.St.Rep. 943, the court held that à bill of particulars would not remedy the failure to allege in the complaint the plaintiffs' loss of customers and sales.

It is apparent, therefore, that the allegation of special damages is essential to the sufficiency of a cause of action based upon slander of title. The slander is not actionable in the absence of special damages. These special damages must be alleged in detail and general statements such as are made in the complaint in the case at bar are unavailing. See, also, Cronkhite v.

Chaplin (C.C.A.) 282 F. 579; Seeck & Kade v. Pertussin Chem. Co., 235 App.Div. 251, 253, 256 N.Y.S. 567; Schering & Glatz v. American Pharmaceutical Co., 236 App. Div. 315, 317, 258 N.Y.S. 504.

Defendant also contends that the first cause of action is insufficient for the reason that it is not alleged that the defendant made any false representation concerning the ownership of plaintiffs' scenario. Since I intend to allow an amendment of this cause of action, the pleader may make this allegation more definite and explicit.

2. As for the second and third causes of action for unjust enrichment and services rendered, respectively, the basis of defendant's objections is that they are inconsistent causes of action. This is undoubtedly true. The cause of action for unjust enrichment necessarily proceeds upon the theory that the scenario and plot are still owned by plaintiffs, and the cause of action for services rendered proceeds upon the theory that the scenario and plot have become the property of defendant. However, inconsistent causes of action may now be joined under the provisions of section 258 of the Civil Practice Act, as added in 1935 (chapter 339). The plaintiffs upon the trial may be required to elect between the two causes of action, but that consideration is not pertinent upon this motion.

3. The fourth cause of action should be dismissed. As heretofore stated, the present action was commenced in the New York Supreme Court. The jurisdiction of this court, after removal of the case, is a derivative jurisdiction. If the state court lacked jurisdiction of the subject-matter of the action, the federal court cannot acquire jurisdiction as the result of the removal despite the fact that it might have had jurisdiction if the action had originally been commenced in the federal court. See Simpkins Federal Practice, § 1180.

The New York Supreme Court would not have had jurisdiction of the subject-matter of a cause of action based upon the federal anti-trust laws, and, consequently, the plaintiffs had no right after removal of the cause to amend their complaint by adding the fourth cause of action. See Lambert Run Coal Co. v. Balt. & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; General Inv. Co. v. Lake Shore & M. S. Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

In the case of Lambert Run Coal Co. v. Balt. & Ohio R. R. Co., supra, Judge Brandeis, writing the opinion of the court, in a case involving an order of the Interstate Commerce Commission, stated the principle as follows (at page 382 of 258 U. S., 42 S.Ct. 349, 351, 66 L.Ed. 671):

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

In General Inv. Co. v. Lake Shore & M. S. Ry., 260 U.S. 261, at page 288, 43 S. Ct. 106, 117, 67 L.Ed. 244, a suit under the Sherman and Clayton Anti-Trust laws (15 U.S.C.A. § 1 et seq.; 38 Stat. 730) Judge Van Devanter wrote:

"When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated. Cain v. Commercial Publishing Co., 232 U.S. 124, 131, 34 S.Ct. 284, 58 L.Ed. 534, et seq.; Cowley v. Northern Pacific R. R. Co., 159 U.S. 569, 583, 16 S.Ct. 127, 40 L.Ed. 263; De Lima v. Bidwell, 182 U.S. 1, 174, 21 S.Ct. 743, 45 L.Ed. 1041; Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671.

"It follows that so much of the bill as based the right to relief on asserted violations of the Sherman Anti-Trust Act and the Clayton Act was rightly dismissed; but the dismissal, being for want of jurisdiction, should have been without prejudice."

Although the fourth cause of action was not pleaded in the complaint as filed in the state court action, I am of the opinion that the above-asserted principle would bar a defendant from pleading in an amended complaint, after the removal of the suit to the federal court, an additional cause of action over which the state court would not have had jurisdiction in the first instance. Although defendant does not base its motion for a dismissal of the fourth cause of action on any lack of jurisdiction in this court, nevertheless, the court should, on its own motion, when lack of jurisdiction of the subject-matter appears, order a dismissal of the cause of action.

Defendant's motion is therefore disposed of as follows:

So much of the motion as seeks to dismiss the first cause of action on the ground that the statute of limitations has run is denied.

So much of the motion as seeks to dismiss the first cause of action on the ground that it does not state facts sufficient to constitute a cause of action is granted, with leave to plaintiffs to serve an amended complaint within twenty days after the entry of an order herein.

So much of defendant's motion as seeks to dismiss the second and third causes of action for failure to state facts sufficient to constitute causes of action is denied.

The fourth cause of action is dismissed on the court's own motion, for want of jurisdiction over the subject-matter.

Submit order on notice.