BERNARD R. SELKOWE, Respondent, v. SIDNEY L. BLEICHER, Appellant.—

 MacCrate, Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., concurs in the dismissal of the first, second and third causes of action, but dissents from the determination that the fourth cause of action is sufficiently pleaded, and votes to reverse the order appealed from, and to grant the motion to dismiss, in its entirety, with the following memorandum: The first cause of action, whether considered as attempting to charge defendant with slander, or with the infliction of intentional injury by means of the malicious circulation of oral falsehoods (cf. *Al Raschid* v. *News Syndicate Co.,* 265 N. Y. 1), is insufficient for failure to allege that plaintiff suffered any special damages (*Rager* v. *McCloskey,* 305 N. Y. 75, 80; *Frawley Chem. Corp.* v. *Larson Co.,* 274 App. Div. 643; *Potash* v. *Sacks,* 282 App. Div. 962). The second and third causes of action are insufficiently pleaded, for failure to plead special damages, since they do not allege that the words spoken by defendant were spoken of plaintiff in his professional capacity. (*Hartmann* v. *Winchell,* 296 N. Y. 296; *Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643.) The fourth cause of action is likewise insufficiently pleaded. It is therein asserted, without any allegation of special damages, that defendant, on a stated occasion, spoke of plaintiff as a subversive, and by way of innuendo, that defendant intended to charge, and was understood as charging that plaintiff was a "communist and/or a believer and advocate of the principles of communism" and "a person who advocated, promoted and excited revolt against and overthrow by violence of our government". I am unable to agree that this pleading sufficiently alleges words which are slanderous per se, as charging plaintiff with a punishable crime. Concededly, one who is a subversive may advocate the subversion of our government by violence. To say of plaintiff that he was a subversive, however, was not equivalent to charging that he had so advocated, or that he had committed any other crime. No extrinsic facts are alleged which would give to the words alleged to have been spoken such an actionable meaning, nor is the innuendo pleaded sufficient to accomplish that result. Innuendo may help to explain, but it cannot enlarge the meaning of the spoken words. (Cf. *Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643, *supra,* and *Dilling* v. *Illinois Pub. & Print. Co.,* 340 Ill. App. 303.)