Appeal from an order denying appellants’ motion to dismiss the second amended complaint on the ground that it does not set forth a cause of action. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, and with leave to respondent, if he be so advised, to serve a further amended complaint within 20 days after entry of the order hereon. The third cause of action purports to be one for slander of title to respondent’s vessel. Assuming that in such an aetion it is not essential that the words themselves charged as actionable be pleaded (but see 33 Am. Jur., Libel and Slander, § 356; 4 Carmody-Wait on New York Practice, p. 185; Al Raschid v. News Syndicate Co., 265 N. Y. 1, 4-5), the cause is insufficient since special damages are not pleaded and it is not shown that the alleged damage was the natural and immediate consequence of the words charged as actionable (Kendall v. Stone, 5 N. Y. 14; Felt v. Germania Life Ins. Co., 149 App. Div. 14; see, e.g., Reporters’ Assn. of America v. Sun Printing & Pub. Assn., 186 N. Y. 437). In essence, the first cause of aetion alleges that appellants Hansen, the owners of a boat yard, furnished certain work and services to and on respondent’s vessel at an agreed price of $225. Respondent, with said appellants’ consent, received the vessel free of any lien and paid that amount to the appellants Hansen. Appellant Kaplan held himself out as a commissioner of deeds and auctioneer in the city of New York. After the vessel was received by respondent and removed from the boat yard of appellants Hansen and the amount owing was paid,. appellants maliciously conspired to and did serve respondent with and publish a purported notice of lien and sale (apparently pursuant to Lien Law, § 201) which stated that the vessel was subject to a lien of $225 for unpaid repairs. Appellants threatened to take further steps in continuance thereof. The notice of lien and sale appeared to have been signed by appellant William R. Hansen and attested before a commissioner of deeds. There is no allegation that any proceeding or action, based on the notice of lien and sale and the claim of the appellants Hansen for $225, was instituted in any court by any of the parties. There is no allegation that the claim of the appellants Hansen for moneys due *830 was finally disposed of, favorably or unfavorably to respondent. The first cause of action contains allegations that sound in libel, slander, slander of title and other conventional categories of tort actions. It is not sufficient as one based on slander or libel since the words charged as actionable are not set forth (Locke v. Benton & Bowles, 253 App. Div. 369). It is not sufficient as one for slander of title for the reason stated in connection with the third cause of aetion. It is not sufficient as one for abuse of process since the notice of lien and sale served and published by appellants was not process issued by or filed in a court (see, e.g., Hauser v. Bartow, 273 N. Y. 370; Smith v. Smith, 26 Hun 573, revg. on reargument the previous decision in Smith v. Smith, 20 Hun 555; West Inv. Co. v. Moorhead, 120 Cal. App. 2d 837). Respondent relies on the doctrine of prima facie tort as enunciated in Advance Music Corp. v. American Tobacco Co. (296 N. Y. 79). A cause of aetion allegedly based on prima facie tort, containing claims based on traditional categories of tort which are insufficient as causes in traditional torts, does not comply with the rules of pleading (Brandt v. Winchell, 283 App. Div. 338; Brandt v. Winchell, 286 App. Div. 249). Damage is essential in a cause of action based on prima facie tort and must be pleaded specially (Brandt v. Winchell, supra). Respondent did not show that he suffered any actual temporal damage or special damages (Selkowe v. Bleicher, 286 App. Div. 1095; Eager v. McCloskey, 305 N. Y. 75, 81) and the first cause of aetion is insufficient. The basic distinction between the first cause of aetion and the second and fourth causes of aetion is that in the latter two causes there are allegations as follows: The notice of lien and sale, apparently signed and executed by appellant William R. Hansen, was not in fact signed by either of the appellants Hansen. The purported signature of appellant William R. Hansen, which appeared to be attested to by appellant Kaplan was not accompanied by the genuine signature of appellant Kaplan. Appellants did their acts maliciously and knowingly in a conspiracy to defraud respondent and extort money from him. To overcome the notice of líen and sale and its effects, respondent was compelled, among other things, to commence proceedings in the Supreme Court of the State of New York and to take other steps in and out of court. There is no allegation that there was any determination of the validity of the claims of the appellants Hansen for moneys owing or that respondent paid any moneys to appellants after the service of the notice of lien and sale. Respondent claims that the second cause of aetion alleges a conspiracy to extort money and property from him by the use of false and fraudulent legal documents and that the fourth cause alleges a conspiracy to extort moneys by the misuse and ostensible use of public office (the offices of commissioner of deeds and auctioneer) in relation thereto. The gravamen of a conspiracy is fraud and damage and not the conspiracy. The allegation and proof of a conspiracy are only important to connect a defendant with the acts and declarations of his coconspirators, where otherwise he could not have been implicated (Green v. Davies, 182 N. Y. 499, 504; Brackett v. Griswold, 112 N. Y. 454, 466-467). A conspiracy to commit an actionable wrong is not in itself a cause of action (Moskin v. Lyden, 200 App. Div. 304). If a cause of aetion, based on the malicious service and publication of a notice of lien and sale at a time when there is no lien and no money owing, is insufficient, it does not become sufficient because the alleged creditor and the commissioner of deeds and auctioneer conspired to and did omit the genuine signatures from the purported notice of lien and sale (see, e.g., Marlin Fire Arms Co. v. Shields, 171 N. Y. 384). In our opinion the second and fourth causes of aetion are insufficient.
Wenzel, Acting P. J., Beldoek, Murphy, Ughetta and Kleinfeld, JJ., concur.