Charles John **BARKHORN, Jr.,**
Plaintiff,

v.

**ADLIB ASSOCIATES, INC.,** a Nevada
corporation, **Defendant.**

Civ. No. 1890.

United States District Court
D. Hawaii.

March 21, 1962.

Frank D. Padgett, Honolulu, Hawaii, Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel, for plaintiff.

Richard K. Sharpless, Honolulu, Hawaii, Lewis, Buck, & Saunders, Honolulu, Hawaii, of counsel, for defendant.

TAVARES, District Judge.

In its Amended Counterclaim, defendant alleges that plaintiff maliciously and without justification caused to be published certain false words and maliciously and without justification published and circularized letters containing certain other false words which "did libel and disparage the title of defendant" to certain real property in Waikiki, Honolulu, Hawaii, owned by defendant; that plaintiff widely disseminated or caused to be disseminated both statements and in consequence deprived defendant of a market for a sale of a leasehold interest in the property which interest, but for the "libelous and disparaging statements," defendant with reasonable certainty could have sold; that "prior to publication of

14. United States v. Rutkin, 208 F.2d 647, 650 (3d Cir. 1954).

both said statements, defendant had received numerous inquiries from time to time from responsible, capable buyers who expressed a firm desire to purchase the lease or title to said property;" that "immediately prior to said publication, there was a ready market for the sale of a leasehold interest in or to the title to said property;" that after plaintiff "did libel and disparage" the title of defendant, the persons who had expressed an interest in the property were no longer interested because of "the doubt expressed in defendant's title;" and that after the dissemination of the statements there was no market for the sale of either a leasehold or title interest in the property although during that time other similar interests had been sold in the community.

It further alleges that, as a consequence thereof, it was unable to sell either the title to or a leasehold interest in said real property at a price which it otherwise would have been able to do, to its damage in a specified amount.

Plaintiff has moved to dismiss the Amended Counterclaim on the ground that it fails to state a claim upon which relief can be granted, contending that the names of the persons who had allegedly expressed an interest in the property and who allegedly were no longer interested in the property after the alleged "slander" must be alleged.

■■■ This type of action is based upon what is known to the law as "slander of title" and the term includes both spoken and written words. Landstrom v. Thorpe (1951), 8th Cir., 189 F.2d 46, 51, certiorari denied, 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620. "The slander is not actionable in the absence of special damages," Carroll v. Warner Bros. Pictures, Inc. (1937), D.C., N.Y., 20 F.Supp. 405, 408, whether the statement was oral or written, Malachy v. Soper (1836), 3 Bing.N.C. 371, 385, 132 English Reprint 453, 459, Ratcliffe v. Evans (1892), 2 Q.B. 524, and the special damages must be alleged. Federal Rules of Civil Procedure, Rule 9(g), 28 U.S.C.A.; Malachy v. Soper, supra, p. 384; Carroll v. Warner Bros. Pictures, Inc., supra, 20 F.Supp. p. 408.

■■ The general rule is that the names of the persons who refused to purchase because of the alleged slander must be alleged, otherwise no cause of action is stated. Stevenson v. Love (1901), Circuit Court, D.N.J., 106 F. 466, 468; Carroll v. Warner Bros. Pictures, Inc., supra, 20 F.Supp. p. 408.

It has been held that a bill of particulars will not remedy the failure to allege such names. Carroll v. Warner Bros. Pictures, Inc., supra, p. 408.

It thus appears that no claim upon which relief can be granted is stated, either as to the persons who allegedly had inquired or as to the alleged loss of a market.

An exception to this general rule is that such names need not be alleged if it is impossible to allege them. Hargrave v. Le Breton (1769), 4 Burr. 2422, 2423, 98 English Reprint 269, 270; Erick Bowman Remedy Co., Inc. v. Jensen Salsbery Laboratories (1926), 8th Cir., 17 F.2d 255, 262; Landstrom v. Thorpe, supra, 189 F.2d p. 56.

If defendant can name all or some of the persons from whom it allegedly received inquiries and who allegedly were no longer interested after the alleged dissemination of the statements, it must allege their names. If it is impossible for it to allege the names of all or some of such persons, it must so allege. If defendant can name all or some of the persons who allegedly abstained from buying from it after the alleged dissemination of the statements, resulting in no market for the sale of an interest in the property, it must allege their names. If it is impossible for it to allege the names of all or some of such persons, it must so allege. Erick Bowman Remedy Co., Inc. v. Jensen Salsbery Laboratories, supra, 17 F.2d p. 262.

The Motion to Dismiss the Amended Counterclaim is granted, with leave to defendant to amend the Counterclaim within twenty days.